**CARNEY BATES & PULLIAM, PLLC**
Hank Bates (SBN 167688)
hbates@cbplaw.com
519 West 7th St.
Little Rock, AR 72201
Telephone: 501.312.8500
Facsimile: 501.312.8505

*Attorneys for Plaintiff individually and on behalf of all others similarly situated*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| ADVANCED INTERVENTIONAL PAIN & DIAGNOSTICS OF WESTERN ARKANSAS, LLC, on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PARADIGM MANAGEMENT SERVICES, LLC <br><br> Defendant. | Case No.: TO BE ASSIGNED <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Advanced Interventional Pain & Diagnostics of Western Arkansas, LLC ("AIPD" or "Plaintiff"), on behalf of itself and all others similarly situated, brings this Complaint against Paradigm Management Services, LLC ("Paradigm"), for violations of the Telephone Consumer Protection Act. Plaintiff seeks certification of its claims against Defendant as a class action. In support, Plaintiff states as follows:

COMPLAINT                                        CASE NO.:

Page **1** of **9**

# INTRODUCTION

1.      This case challenges Defendant's policy and practice of faxing unsolicited advertisements. In or around March 2019, Defendant faxed an unsolicited and unwanted advertisement to Plaintiff which is attached as Exhibit A.

2.      Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, to regulate the fast-growing expansion of the telemarketing industry. As is pertinent here, the TCPA and its implementing regulations prohibit persons within the United States from sending advertisements via fax.

3.      Junk faxes disrupt recipients' peace; drain recipients' paper, ink, and toner; and cause recipients tangible damages. Junk faxes also cause recipients to waste valuable time retrieving and discerning the purpose of the faxes; prevent fax machines from receiving and sending authorized faxes; and cause undue wear and tear on recipients' fax machines. Plaintiff offers medical services and must use its fax machine to receive communications about patients, including vital information such as prescriptions and insurance information. That purpose is impeded when Plaintiff's fax machine is invaded by junk faxes. As recognized by Congress in enacting the TCPA, junk faxes are a significant problem interfering with modern commerce. As discussed below, this is particularly true for healthcare providers like Plaintiff, which still rely significantly on faxes to communicate vital information about patients such as prescriptions and insurance information.

4.      Plaintiff is an interventional pain medicine clinic that provides pain management for patients in northwest Arkansas. As a medical provider, Plaintiff relies upon fax machines to operate and provide services to its patients. Plaintiff estimates that it receives several thousand unwanted and unsolicited faxes each year. Plaintiff must wade through dozens of unsolicited faxes from companies selling their products to find vital incoming faxes, such as medical

documents and insurance authorizations. It was this harm that Congress recognized in passing the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").[1]

5.  The TCPA provides a private right of action and statutory damages of $500 per violation, which may be trebled when the violation is willing or knowing.

6.  On behalf of itself and all others similarly situated, Plaintiff brings this case under the TCPA to recover declaratory relief, damages for violations of the TCPA, and an injunction prohibiting Defendants from future TCPA violations.

## JURISDICTION AND VENUE

7.  This Court has personal jurisdiction over Defendant, as its corporate headquarters is located in this district.

8.  This Court has subject matter jurisdiction over Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331.

9.  Venue is proper in this court as substantial acts giving rise to the cause of action asserted herein occurred in this venue.

## PARTIES

10.  Plaintiff is a pain management clinic located in Fort Smith, Arkansas.

---

[1] "Unsolicited advertising is beginning to clog fax lines, restricting the owners' ability to use their machines for the purposes they originally bought them for and generating operating costs the users can't control. Unlike junk mail, which can be discarded, or solicitation phone calls, which can be refused or hung up, junk fax ties up the recipient's line until it has been received and printed. The recipient's machine is unavailable for business and he or she incurs the high cost for supplies before knowing whether the message is either wanted or needed." 135 Cong. Rec. E 1462 (May 2, 1989, statement of Rep. Edward Markey, 101 Cong.) Representative Markey further testified: "To quote an article from the Washington Post, 'receiving junk fax is like getting junk mail with postage due.' Succinctly put, using a facsimile machine to send unsolicited advertising not only shifts costs from the advertiser to the recipient, but keeps an important business machine from being used for its intended purpose." 136 Cong. R. H 5818 (July 30, 1990), 101st Cong. 2nd Sess., statement of Rep. Markey, p. 5).

COMPLAINT                                                        CASE NO.:

Page **3** of **9**

11. Defendant is a corporation formed under the laws of the State of Delaware and which has its corporate headquarters in Walnut Creek, California. In part, Defendant's business is the management of worker's compensation claims for specialty providers.

## FACTS

12. On or around March 1, 2019, Defendant sent an unsolicited advertisement to Plaintiff's facsimile machine located at its office in Fort Smith, Sebastian County, Arkansas. The advertisement provides the like, kind and quality of Defendant's service and how it will benefit Plaintiff to join the orthopedics, spine and pain management segment of its network. The fax touts the network's "national presence" and the "multidisciplinary range of providers" of its' members. The fax states:

> **As guarantors of payment**, we are responsible for paying you in a timely and pre-established fashion. There are no extended wait times for payment and the reimbursement rates are attractive. You bill us, we pay you. End of story.

(Emphasis in original).

13. A copy of this facsimile is attached hereto and marked as Exhibit A.

14. Defendant did not have Plaintiff's prior express invitation or permission to send advertisements to Plaintiff's fax machine.

## CLASS ALLEGATIONS

15. In accordance with Fed. R. Civ. P. 23, Plaintiff brings this action on behalf of the following class of persons (the "Class"):

> All persons and entities who held telephone numbers that received one or more telephone facsimile transmissions that promoted the commercial availability or quality of property, goods, or services offered by Paradigm Management Services, LLC.

COMPLAINT                                          CASE NO.:

Page **4** of **9**

16. Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is proper, as more information is gleaned in discovery.

17. Excluded from the Class are Defendant, any parent, subsidiary, affiliate, or controlled person of Defendant, as well as the officers, directors, agents, servants, or employees of Defendant and the immediate family members of any such person. Also excluded are any judge who may preside over this case and any attorneys representing Plaintiff or the Class.

18. <u>Numerosity</u>. The Members of the Class are so numerous that joinder is impractical. Upon information and belief, Defendant has sent illegal fax advertisements to hundreds if not thousands of other recipients.

19. <u>Commonality</u>. Common questions of law and fact apply to the claims of all Class Members and include (but are not limited to) the following:

(a) Whether Defendant sent faxes advertising the commercial availability of property, goods, or services;

(b) The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A as well as other fax advertisements;

(c) Whether Defendant faxed advertisements without first obtaining the recipient's prior express permission or invitation;

(d) Whether Defendant sent the fax advertisements knowingly or willfully;

(e) Whether Defendant violated 47 U.S.C. § 227;

(f) Whether Plaintiff and the other Class Members are entitled to actual and/or statutory damages;

(g) Whether the Court should award treble damages; and

(h) Whether Plaintiff and the other Class Members are entitled to declaratory, injunctive, and/or other equitable relief.

20. <u>Typicality</u>. Plaintiff's claims are typical of the claims of all Class Members. Plaintiff received an unsolicited fax advertisement from Defendant during the Class Period.

COMPLAINT                                                                   CASE NO.:

Page **5** of **9**

Plaintiff makes the same claims that it makes for the Class Members and seeks the same relief that it seeks for the Class Members. Defendant has acted in the same manner toward Plaintiff and all Class Members.

21. <u>Fair and Adequate Representation</u>.  Plaintiff will fairly and adequately represent and protect the interests of the Class. It is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the Class. Counsel for Plaintiff has agreed, consistent with the California Rules of Professional Conduct, specifically Rule 1.8.5(b), to advance the court costs and expenses of litigation on their behalf, contingent on the outcome of this litigation.

22. <u>Predominance and Superiority</u>.  For the following reasons, common questions of law and fact predominate and a class action is superior to other methods of adjudication:

(a) Proof of Plaintiff's claims will also prove the claims of the Class without the need for separate or individualized proceedings;

(b) Evidence regarding defenses or any exceptions to liability that Defendant may assert will come from Defendant's records and will not require individualized or separate inquiries or proceedings;

(c) Defendant has acted and continues to act pursuant to common policies or practices in the same or similar manner with respect to all Class Members;

(d) The amount likely to be recovered by individual Members of the Class does not support individual litigation.  A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based on common proof;

(e) This case is inherently well-suited to class treatment in that:

(i) Defendant identified persons or entities to receive its fax transmissions, and it is believed that Defendant's computer and business records will enable Plaintiff to readily identify Class Members and establish liability and damages;

(ii) Common proof can establish Defendant's liability and the damages owed to Plaintiff and the Class;

COMPLAINT                                                      CASE NO.:

(iii) Statutory damages are provided for in the statutes and are the same for all Class Members and can be calculated in the same or a similar manner;

(iv) A class action will result in an orderly and expeditious administration of claims, and it will foster economies of time, effort, and expense;

(v) A class action will contribute to uniformity of decisions concerning Defendant's practices; and

(vi) As a practical matter, the claims of the Class are likely to go unaddressed absent class certification.

## **CLAIM FOR RELIEF**

### **COUNT I**
### **Violations of the Telephone Consumer Protection Act**
*47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)*

23. Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

24. The TCPA provides strict liability for sending fax advertisements in a manner that does not comply with the statute. Recipients of fax advertisements have a private right of action to seek an injunction or damages for violations of the TCPA and its implementing regulations. 47 U.S.C. § 227(b)(3).

25. The TCPA makes it unlawful to send any "unsolicited advertisement" via fax unless certain conditions are present. 47 U.S.C. § 227(b)(1)(C). "Unsolicited advertisement" is defined as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

26. Unsolicited faxes are illegal if the sender and recipient do not have an "established business relationship." 47 U.S.C. § 227(b)(1)(C)(i). "Established business relationship" is defined as "a prior or existing relationship formed by a voluntary two-way communication

COMPLAINT                                                    CASE NO.:

between a person or entity and a business or residential subscriber with or without an exchange of consideration, on the basis of an inquiry, application, purchase or transaction by the business or residential subscriber regarding products or services offered by such person or entity, which relationship has not been previously terminated by either party." 47 U.S.C. § 227(a)(2); 47 C.F.R. § 64.1200(f)(6).

27. Regardless of whether the sender and recipient have an established business relationship, a faxed advertisement is illegal unless it includes an opt-out notice on its first page that complies with the TCPA's requirements. *See* 47 U.S.C. § 227(b)(1)(C)(iii); 47 C.F.R. § 64.1200(a)(4)(iv). To comply with the law, an opt-out notice must (1) inform the recipient that the recipient may opt out of receiving future faxes by contacting the sender; (2) provide both a domestic telephone number and a facsimile machine number—one of which must be cost-free—that the recipient may contact to opt out of future faxes; and (3) inform the recipient that the sender's failure to comply with an opt-out request within thirty days is a violation of law. *See* 47 U.S.C. § 227(b)(2)(D); 47 CFR § 64.1200(a)(4)(iii).

28. Defendant faxed an unsolicited advertisement to Plaintiff in violation of 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4).

29. Defendant knew or should have known (a) that Plaintiff had not given express invitation or permission for Defendant to fax advertisements about its products; and (b) that Exhibit A is an advertisement.

30. Defendant's actions caused actual damage to Plaintiff and the Class Members. Defendant's junk faxes caused Plaintiff and the Class Members to lose paper, toner, and ink consumed in the printing of Defendant's faxes through Plaintiff's and the Class Members' fax machines. Defendant's faxes cost Plaintiff and the Class Members time that otherwise would have been spent on Plaintiff's and the Class Members' business activities.

31. In addition to statutory damages (and the trebling thereof), Plaintiff and the Class are entitled to declaratory and injunctive relief under the TCPA.

## REQUEST FOR RELIEF

WHEREFORE Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Court:

a) Determine that this action may be maintained as a class action under Cal. Code Civ. Proc. § 382;

b) Declare Defendant's conduct to be unlawful under the TCPA;

c) Award damages under the TCPA for each violation in the amount of actual monetary loss or $500, whichever is greater, and treble those damages;

d) Enjoin Defendant from additional violations;

e) Award Plaintiff and the Class their attorney's fees and costs;

f) Grant such other legal and equitable relief as the Court may deem appropriate, including costs and attorney's fees.

## JURY DEMAND

Plaintiff and the Members of the Class hereby request a trial by jury.

Date: December 20, 2019

Respectfully submitted,

By: /s/ Hank Bates
Hank Bates (SBN 167688)
Carney Bates & Pulliam, PLLC
hbates@cbplaw.com
519 West 7th St.
Little Rock, AR 72201
Telephone: 501.312.8500
Facsimile: 501.312.8505

*Attorneys for Plaintiff*

COMPLAINT                                     CASE NO.:

Page **9** of **9**