UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ADVANCED INTERVENTIONAL PAIN & DIAGNOSTICS OF WESTERN ARKANSAS, LLC, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADVA HOLDINGS, LLC and ENCOMPASS SPECIALTY NETWORK, LLC,<br><br>Defendants. | Case No.: 8:20-cv-02704-WFJ-CPT<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Advanced Interventional Pain & Diagnostics of Western Arkansas, LLC ("AIPD" or "Plaintiff"), on behalf of itself and all others similarly situated, brings this Complaint against Adva Holdings, LLC ("Adva") and Encompass Specialty Network, LLC ("Encompass") (collectively "Defendants" or "Paradigm Specialty Networks") for violations of the Telephone Consumer Protection Act. Plaintiff seeks certification of its claims against Defendants as a class action. In support, Plaintiff states as follows:

## INTRODUCTION

1. This case challenges Defendants' policy and practice of faxing unsolicited advertisements. In or around March 2019, Defendants faxed an unsolicited and unwanted advertisement to Plaintiff which is attached as Exhibit A.

2. Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, to regulate the fast-growing expansion of the telemarketing industry. As is pertinent here, the TCPA and its implementing regulations prohibit persons within the United States from sending advertisements via fax.

3. Junk faxes disrupt recipients' peace; drain recipients' paper, ink, and toner; and cause recipients tangible damages. Junk faxes also cause recipients to waste valuable time retrieving and discerning the purpose of the faxes; prevent fax machines from receiving and sending authorized faxes; and cause undue wear and tear on recipients' fax machines. Plaintiff offers medical services and must use its fax machine to receive communications about patients, including vital information such as prescriptions and insurance information. That purpose is impeded when Plaintiff's fax machine is invaded by junk faxes. As recognized by Congress in enacting the TCPA, junk faxes are a significant problem interfering with modern commerce. As discussed below, this is particularly true for healthcare providers like Plaintiff, which still rely significantly on faxes to communicate vital information about patients such as prescriptions and insurance information.

4. Plaintiff is an interventional pain medicine clinic that provides pain management for patients in northwest Arkansas. As a medical provider, Plaintiff relies upon fax machines to operate and provide services to its patients. Plaintiff estimates that it receives several thousand unwanted and unsolicited faxes each year. Plaintiff must wade through dozens of unsolicited faxes from companies

selling their products to find vital incoming faxes, such as medical documents and insurance authorizations. It was this harm that Congress recognized in passing the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").[1]

5. The TCPA provides a private right of action and statutory damages of $500 per violation, which may be trebled when the violation is willing or knowing.

6. On behalf of itself and all others similarly situated, Plaintiff brings this case under the TCPA to recover declaratory relief, damages for violations of the TCPA, and an injunction prohibiting Defendants from future TCPA violations.

## PARTIES

9. Plaintiff is a pain management clinic located in Fort Smith, Arkansas.

10. Defendant Adva Holdings, LLC is a company organized under the laws of the State of Delaware with an office in Lakewood Ranch, Florida. According to Bloomberg.com, Adva Holdings, LLC "offers pain management, post acute care, and addiction recovery services, including physical rehabilitation,

---

[1] "Unsolicited advertising is beginning to clog fax lines, restricting the owners' ability to use their machines for the purposes they originally bought them for and generating operating costs the users can't control. Unlike junk mail, which can be discarded, or solicitation phone calls, which can be refused or hung up, junk fax ties up the recipient's line until it has been received and printed. The recipient's machine is unavailable for business and he or she incurs the high cost for supplies before knowing whether the message is either wanted or needed." 135 Cong. Rec. E 1462 (May 2, 1989, statement of Rep. Edward Markey, 101 Cong.) Representative Markey further testified: "To quote an article from the Washington Post, 'receiving junk fax is like getting junk mail with postage due.' Succinctly put, using a facsimile machine to send unsolicited advertising not only shifts costs from the advertiser to the recipient, but keeps an important business machine from being used for its intended purpose." 136 Cong. R. H 5818 (July 30, 1990), 101st Cong. 2nd Sess., statement of Rep. Markey, p. 5).

counseling, and cognitive behavior therapy."[2] Upon information and belief, Adva Holdings, LLC uses the website www.paradigmcorp.com for all business purposes.[3] Adva Holdings, LLC has registered "Paradigm Specialty Networks, LLC" as a trade-name in the State of Delaware and as a fictitious name in the State of Florida. *See* Ex. B, Ex. C. Upon information and belief, Adva Holdings, LLC is wholly owned by Paradigm Management and/or Paradigm Acquisition Corporation.[4] Adva lists that its corporate headquarters are located at 6920 Profesional Parkway East, Lakewood Ranch, Florida.

11.   Defendant Encompass Specialty Network, LLC is a company organized under the laws of the State of Florida with an office in Tampa, Florida. Upon information and belief, Encompass Specialty Network, LLC uses the website www.paradigmcorp.com for all business purposes. Encompass Specialty Network, LLC has registered "Paradigm Specialty Networks, LLC" as a fictitious name in the State of Florida. *See* Ex. D.  Upon information and belief, Encompass is wholly owned by Paradigm Management and/or Paradigm Acquisition Corporation.[5]

---

[2] *See* Adva Holdings LLC, located at:
https://www.bloomberg.com/profile/company/1351693D:US

[3] For example, at https://www.bloomberg.com/profile/company/1351693D:US, the hyperlink for the entity's website (www.adva-net.com) redirects to https://www.paradigmcorp.com/.

[4] *See*: https://www.prnewswire.com/news-releases/paradigm-announces-acquisition-of-adva-net-300707047.html; https://www.linkedin.com/company/adva-net/about/

[5] *See*: https://www.summitpartners.com/news/omers-private-equity-announces-agreement-to-acquire-paradigm-outcomes

SECOND AMENDED COMPLAINT          CASE NO.: 8:20-cv-02704-T-02CPT

Encompass lists its address as 1408 Westshore Blvd, Suite 1010, Tampa, Florida 33607.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as the claims alleged herein arise under the Telephone Consumer Protection Act, 47 U.S.C. § 277. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012). This Court also has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because this matter is a class action in which class members are citizens of a different state than that of the Defendants and the amount in controversy (including attorneys' fees), upon information and belief, exceeds $5,000,000.00, exclusive of interest and costs.

13. This Court has personal jurisdiction over Defendants, as their respective corporate headquarters are located in this district.

14. Venue is proper in this Court because Defendants conduct business in this district, are residents of this district, and are subject to the Court's personal jurisdiction, and substantial acts giving rise to the cause of action asserted herein occurred in this district.

## FACTS

15. On or around March 1, 2019, Defendants sent an unsolicited advertisement to Plaintiff's facsimile machine located at its office in Fort Smith, Sebastian County, Arkansas. The advertisement notifies medical clinics about the

commercial availability of Defendants' services, and entices them to enroll in the "Paradigm network." The fax provides the like, kind and quality of Defendants' service in proposing a commercial transaction.

16. The fax states:

**As guarantors of payment**, we are responsible for paying you in a timely and pre-established fashion. There are no extended wait times for payment and the reimbursement rates are attractive. You bill us, we pay you. End of story.

(Emphasis in original).

17. The faxed advertisement proposes a commercial transaction by "**invit[ing] [Plaintiff] to enroll in the orthopedics, spine and pain management section of the Paradigm network.**" (emphasis in original).

18. To incentivize the recipient to contact Paradigm Specialty Networks, the fax touts how Plaintiff would benefit from using its services. The fax:

- Offers free enrollment in its network;
- Tells the recipient that the Paradigm network has a "national presence";
- Identifies the range of agreements Defendants maintain to service their network members;
- Promotes their goal to "streamline the process . . . to reach a 'treat and bill' scenario" for providers; and

- Emphasizes that Paradigm Specialty Networks acts as "guarantors of payment," further touting "[y]ou bill us, we pay you. End of story."

19. A copy of this facsimile is attached hereto and marked as Exhibit A.

20. Defendants did not have Plaintiff's prior express invitation or permission to send advertisements to Plaintiff's fax machine. Further, Defendants did not have an existing business relationship with Plaintiff. Regardless, the Fax did not include any "opt-out" language notifying the recipient how to stop future fax transmissions as required by 47 U.S.C. § 227(b)(1)(C)(iii); 47 C.F.R. § 64.1200(a)(4)(iv) in any faxed advertisement pursuant to an existing business relationship.

21. Defendants sent a faxed advertisement to Plaintiff without consent to do so, and without an existing business relationship.

## EACH DEFENDANT IS A SENDER OF THE FAX UNDER THE TCPA

22. The FCC and courts have resolved the issue of who has liability under the TCPA for sending an unsolicited faxed advertisement. This issue was addressed in March of this year by the District of Columbia Court of Appeals. *See FDS Restaurant, Inc. v. All Plumbing, Inc.*, No. 16-CV-1009, 2020 WL 1465919 (March 26, 2020). A sender is the person or entity on whose behalf a junk fax is sent or whose goods or services are advertised or promoted in the junk fax. *Id.* at *6. (internal quotations omitted). *See also* 47 C.F.R. § 64.1200(f)(10) (defining

"sender" of an unsolicited advertisement to a telephone facsimile machine as "the person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement.").

23. The fax attached as Exhibit A advertises the services of each of the Defendants.

24. The fax includes a stylized logo "Paradigm" in the top left corner. Additionally, the fax directs recipients to the website www.paradigmcorp.com for additional information about the company's services. This is the website shared by Defendants Adva and Encompass.

25. The purpose of the website is to further advertise Paradigm's business. *See, e.g.*:

> We don't just produce results. We give people back their lives.
>
> For almost 30 years, Paradigm has set the standard for outcomes-focused care and for transforming the lives of catastrophically injured workers and their families. Today, we offer an expanded set of innovative solutions that allow us to deliver better health outcomes and a better value for our clients.[6]

26. Paradigm's website describes that the company offers its services via three different divisions, one of which is Paradigm Specialty Networks. Regarding this division, the website states:

---

[6] *See* About Paradigm, located at: https://www.paradigmcorp.com/about/

SECOND AMENDED COMPLAINT                    CASE NO.: 8:20-cv-02704-T-02CPT

> Paradigm Specialty Networks offers innovative, data-driven network solutions for the most challenging, expensive, and unmanaged segments in workers' compensation: orthopedic & spine, pain management, addiction, post-acute care, behavioral health, and surgical implants. We contract with the nation's top specialty providers, so your injured worker gets the very best care, and you get a headache-free, cost-saving process.[7]

27. Adva Holdings, LLC and Encompass Specialty Network, LLC are senders of the fax as they each are registered to do business under the name Paradigm Specialty Networks. *See* Ex. B, Ex. C, Ex. D.

## CLASS ALLEGATIONS

28. In accordance with Fed. R. Civ. P. 23, Plaintiff brings this action on behalf of the following class of persons (the "Class"):

> All persons and entities who held telephone numbers that received one or more telephone facsimile transmissions that promoted the commercial availability or quality of property, goods, or services offered by Defendants.

29. Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is proper, as more information is gleaned in discovery.

30. Excluded from the Class are Defendants, any parent, subsidiary, affiliate, or controlled person of Defendants, as well as the officers, directors, agents, servants, or employees of Defendants and the immediate family members

---

[7] *See* Specialty Networks, located at: https://www.paradigmcorp.com/specialty-networks/

SECOND AMENDED COMPLAINT                    CASE NO.: 8:20-cv-02704-T-02CPT

of any such persons. Also excluded are any judge who may preside over this case and any attorneys representing Plaintiff or the Class.

31. <u>Numerosity</u>. The Members of the Class are so numerous that joinder is impractical. Upon information and belief, Defendants have sent illegal fax advertisements to hundreds if not thousands of other recipients.

32. <u>Commonality</u>. Common questions of law and fact apply to the claims of all Class Members and include (but are not limited to) the following:

   (a) Whether Defendants sent faxes advertising the commercial availability of property, goods, or services;

   (b) The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A as well as other fax advertisements;

   (c) Whether Defendants faxed advertisements without first obtaining the recipient's prior express permission or invitation;

   (d) Whether Defendants sent the fax advertisements knowingly or willfully;

   (e) Whether Defendants violated 47 U.S.C. § 227;

   (f) Whether Plaintiff and the other Class Members are entitled to actual and/or statutory damages;

   (g) Whether the Court should award treble damages; and

   (h) Whether Plaintiff and the other Class Members are entitled to declaratory, injunctive, and/or other equitable relief.

33. <u>Typicality</u>.  Plaintiff's claims are typical of the claims of all Class Members. Plaintiff received an unsolicited fax advertisement from Defendants during the Class Period. Plaintiff makes the same claims that it makes for the Class

Members and seeks the same relief that it seeks for the Class Members. Defendants have acted in the same manner toward Plaintiff and all Class Members.

34. <u>Fair and Adequate Representation</u>. Plaintiff will fairly and adequately represent and protect the interests of the Class. It is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the Class. Counsel for Plaintiff has agreed to advance the court costs and expenses of litigation on their behalf, contingent on the outcome of this litigation.

35. <u>Predominance and Superiority</u>. For the following reasons, common questions of law and fact predominate and a class action is superior to other methods of adjudication:

    (a) Proof of Plaintiff's claims will also prove the claims of the Class without the need for separate or individualized proceedings;

    (b) Evidence regarding defenses or any exceptions to liability that Defendants may assert will come from Defendants' records and will not require individualized or separate inquiries or proceedings;

    (c) Defendants have acted and continue to act pursuant to common policies or practices in the same or similar manner with respect to all Class Members;

    (d) The amount likely to be recovered by individual Members of the Class does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based on common proof;

    (e) This case is inherently well-suited to class treatment in that:

(i) Defendants identified persons or entities to receive its fax transmissions, and it is believed that Defendants' computers and business records will enable Plaintiff to readily identify Class Members and establish liability and damages;

(ii) Common proof can establish Defendants' liability and the damages owed to Plaintiff and the Class;

(iii) Statutory damages are provided for in the statutes and are the same for all Class Members and can be calculated in the same or a similar manner;

(iv) A class action will result in an orderly and expeditious administration of claims, and it will foster economies of time, effort, and expense;

(v) A class action will contribute to uniformity of decisions concerning Defendants' practices; and

(vi) As a practical matter, the claims of the Class are likely to go unaddressed absent class certification.

CLAIM FOR RELIEF

**COUNT I**
**Violations of the Telephone Consumer Protection Act**
*47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)*

36. Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

37. The TCPA provides strict liability for sending fax advertisements in a manner that does not comply with the statute. Recipients of fax advertisements have a private right of action to seek an injunction or damages for violations of the TCPA and its implementing regulations. 47 U.S.C. § 227(b)(3).

38.     The TCPA makes it unlawful to send any "unsolicited advertisement" via fax unless certain conditions are present. 47 U.S.C. § 227(b)(1)(C). "Unsolicited advertisement" is defined as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

39.     Unsolicited faxes are illegal if the sender and recipient do not have an "established business relationship." 47 U.S.C. § 227(b)(1)(C)(i). "Established business relationship" is defined as "a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a business or residential subscriber with or without an exchange of consideration, on the basis of an inquiry, application, purchase or transaction by the business or residential subscriber regarding products or services offered by such person or entity, which relationship has not been previously terminated by either party." 47 U.S.C. § 227(a)(2); 47 C.F.R. § 64.1200(f)(6).

40.     Regardless of whether the sender and recipient have an established business relationship, a faxed advertisement is illegal unless it includes an opt-out notice on its first page that complies with the TCPA's requirements. *See* 47 U.S.C. § 227(b)(1)(C)(iii); 47 C.F.R. § 64.1200(a)(4)(iv). To comply with the law, an opt-out notice must (1) inform the recipient that the recipient may opt out of receiving future faxes by contacting the sender; (2) provide both a domestic telephone

number and a facsimile machine number—one of which must be cost-free—that the recipient may contact to opt out of future faxes; and (3) inform the recipient that the sender's failure to comply with an opt-out request within thirty days is a violation of law. *See* 47 U.S.C. § 227(b)(2)(D); 47 CFR § 64.1200(a)(4)(iii).

41. Defendants faxed an unsolicited advertisement to Plaintiff in violation of 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4).

42. Defendants knew or should have known (a) that Plaintiff had not given express invitation or permission for Defendants to fax advertisements about their products; and (b) that Exhibit A is an advertisement.

43. Defendants' actions caused actual damage to Plaintiff and the Class Members. Defendants' junk faxes caused Plaintiff and the Class Members to lose paper, toner, and ink consumed in the printing of Defendants' faxes through Plaintiff's and the Class Members' fax machines. Defendants' faxes cost Plaintiff and the Class Members time that otherwise would have been spent on Plaintiff's and the Class Members' business activities.

44. In addition to statutory damages (and the trebling thereof), Plaintiff and the Class are entitled to declaratory and injunctive relief under the TCPA.

## REQUEST FOR RELIEF

WHEREFORE Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Court:

    a) Determine that this action may be maintained as a class action under F.R.C.P. 23;

    b) Declare Defendants' conduct to be unlawful under the TCPA;

    c) Award damages under the TCPA for each violation in the amount of actual monetary loss or $500, whichever is greater, and treble those damages;

    d) Enjoin Defendants from additional violations;

    e) Award Plaintiff and the Class their attorney's fees and costs;

    f) Grant such other legal and equitable relief as the Court may deem appropriate, including costs and attorney's fees.

## JURY DEMAND

Plaintiff and the Members of the Class hereby request a trial by jury.

Date: January 18, 2021.

            Respectfully submitted,

         By*:* */s/ Nicole L. Ballante*
            Nicole L. Ballante (Fla. Bar No. 125356)
            nballante@baileyglasser.com
            BAILEY & GLASSER, LLP
            360 Central Avenue, Suite 1500
            St. Petersburg, Florida 33701
            Telephone: 727.894.6745
            Facsimile: 727.894.2649

            Randall K. Pulliam
            (*Admitted Pro Hac Vice*)
            rpulliam@cbplaw.com
            CARNEY BATES & PULLIAM, PLLC
            519 West 7th St.
            Little Rock, AR 72201
            Telephone:  501.312.8500
            Facsimile:  501.312.8505

            *Attorneys for Plaintiff*

    John Rainwater (ABN 2009-137)
    john@rainfirm.com (admitted *pro hac vice*)
    RAINWATER, HOLT & SEXTON
    801 Technology Drive
    P.O. Box 17250
    Little Rock, AR 72222
    Telephone: 501.868.2500
    Facsimile: 501.868.2505

    *Additional Plaintiff's Counsel*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of January, 2021, I electronically filed the foregoing with the Clerk of Court by using CM/ECF system which will send notice of electronic filing to all counsel of record.

    */s/ Nicole L. Ballante*
    Nicole L. Ballante (Fla. Bar No. 125356)