## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ADVANCED INTERVENTIONAL PAIN &
DIAGNOSTICS OF WESTERN ARKANSAS, LLC,

        Plaintiff,

v.                                   Case No. 8:20-cv-02704-WFJ-CPT

PARADIGM MANAGEMENT SERVICES, LLC,
ADVA HOLDINGS, LLC, and ENCOMPASS
SPECIALTY NETWORK, LLC,

        Defendants.

_____/

## PLAINTIFF'S UNOPPOSED MOTION AND MEMORANDUM OF LAW IN SUPPORT OF (I) PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; (II) CERTIFICATION OF THE SETTLEMENT CLASS; AND (III) APPROVAL OF NOTICE TO THE CLASS

Plaintiff Advanced Interventional Pain & Diagnostics of Western Arkansas, LLC ("Plaintiff" or "Settlement Class Representative"), on behalf of itself and the putative Class Members, and Defendants Adva Holdings, LLC ("Adva") and Encompass Specialty Network, LLC ("Encompass") (collectively, "Defendants") have reached a proposed settlement (the "Settlement") in this class action (the "Action"), the terms and conditions of which have been memorialized in a Settlement Agreement dated February 23, 2021,[1] and now seek an Order from the

_____

[1] Capitalized terms used herein shall have the same meaning as in the Settlement Agreement.

Court: (i) granting preliminary approval of the proposed Settlement; (ii) preliminarily certifying the settlement class, as defined therein, for settlement purposes; (iii) directing that notice of the proposed Settlement be given to members of the Settlement Class in the proposed form and manner; (iv) scheduling a hearing before the Court to consider final approval of the Settlement and Plaintiff's Counsel's request for attorneys' fees and expenses; and (v) appointing KCC as the Settlement Administrator. A proposed Order granting this Motion is attached as Exhibit A to the Settlement Agreement. In support thereof, Plaintiff states as follows:

## I.     **OVERVIEW OF THE LITIGATION**

### A. Background

On December 20, 2019, Plaintiff filed a complaint against Paradigm Management Services, LLC ("PMS"), in the Northern District of California, asserting it had violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") as a result of its alleged policy and practice of faxing unsolicited advertisements without providing the requisite opt-out notices. The TCPA makes it unlawful to send facsimile advertisements without a proper opt-out notice if the sender did not receive prior express permission from the recipient, a prohibition commonly referred to as the junk-fax ban provision of the TCPA. The TCPA provides for statutory damages of $500 for each violation of the junk-fax ban

provision, which may be trebled to $1,500 per violation if a defendant's conduct is shown to be willful, knowing, or intentional.

On February 24, 2020, PMS filed a Motion to Dismiss the complaint asserting that the fax in question is an informational communication and not an advertisement. On July 1, 2020, the Court denied the Motion to Dismiss. On August 5, 2020, Plaintiff and PMS participated in a Case Management Conference with the Court at which time counsel for PMS asserted that PMS was not the proper party to the litigation as it was not the sender of the fax. Rather, as was later disclosed in discussions between counsel, PMS's position was that the proper sender of the fax was two entities related to PMS – namely Adva and Encompass. With this information and upon performing additional investigation, Plaintiff filed an Amended Complaint on August 7, 2020, naming PMS, Adva, and Encompass as defendants and articulating how each is the statutory sender of the fax under the TCPA.

On August 28, 2020, PMS, Adva and Encompass filed a Motion to Dismiss the Amended Complaint. PMS argued it could not be held liable, under either direct or alter ego theories of liability, for the alleged acts of Adva and Encompass. Adva and Encompass argued that the Northern District of California lacked personal jurisdiction over each of them as they are headquartered in Florida,

3

incorporated in Delaware and sufficiently distinct from PMS as to deny jurisdiction under the theories pleaded by Plaintiff.

On November 9, 2020, the parties mediated this matter before the Hon. Edward A. Infante (Ret.), a highly experienced mediator, who was able to assist the parties in reaching an agreement on the substantive terms of the Settlement, reflected in the Memorandum of Understanding dated November 18, 2020 (the "MOU") and subsequently memorialized in the Settlement Agreement dated February 23, 2021. The subject of attorneys' fees, costs, and expenses, subject to Court approval, was negotiated only after all substantive terms of the Settlement were agreed upon by the parties. As part of the negotiations, the parties agreed to jointly move to transfer the Action to the Middle District of Florida, and Plaintiff agreed to dismiss PMS without prejudice. The case was transferred to this district on November 17, 2020, and the Court granted dismissal of PMS on January 5, 2021. Plaintiff filed its Second Amended Complaint against Defendants Adva and Encompass (the operative complaint in this Action) on January 18, 2021.

**B. The Proposed Settlement**

1. <u>Settlement Benefits</u>

Under the proposed Settlement, Defendants have agreed to make available for the benefit of the Settlement Class a cash settlement fund that has a maximum value of $9,000,000.00, inclusive of Attorneys' Fees and Costs and Notice and

Administration Costs. In accord with paragraph 30 of the Settlement Agreement, the Settlement Class shall include:

> All persons and entities since December 20, 2015 through the date of preliminary approval who held telephone numbers that received one or more telephone facsimile transmissions in a form the same or similar to Exhibit A to the Second Amended Complaint, allegedly advertising the availability or quality of property, goods or services of Defendants, as identified on the Class List of 36,416 facsimile numbers.

Excluded from the Settlement Class are all current employees, officers, and directors of any Defendant, and the judge presiding over this Action and his staff.

Each member of the Settlement Class may submit one claim per telephone number appearing on the Class List. Approved Claims will share in the distribution of the settlement benefits. The value of Approved Claims shall be calculated in accord with the following plan of allocation: (a) if the sum of Approved Claims, Attorneys' Fees and Costs, and Notice and Administration Costs is greater than $2,750,000.00 but less than $9,000,000.00, each Approved Claim will receive $250.00, which represents a fifty-percent recovery of the $500 statutory damages award under the TCPA (or a 16.6% recovery of the treble damages available in the case of willful violation); (b) if the sum of Approved Claims, Attorneys' Fees and Costs, and Notice and Administration Costs is greater than $9,000,000.00, each Approved Claim will be reduced on a *pro rata* basis; and (c) if the sum of Approved Claims, Attorneys' Fees and Costs, and Notice and

Administration Costs is less than $2,750,000, each Approved Claim will be increased on a *pro rata* basis so that the total amount paid by Defendants is $2,750,000. In no event shall Defendants pay more than $9,000,000.00 or less than $2,750,000.00 under the terms of the Settlement.

In addition to these monetary benefits, the Action and the Settlement have resulted in significant non-monetary benefits, namely review of Defendants' policies and procedures to ensure compliance with the TCPA.

In exchange for the consideration from Defendants, the Action will be dismissed with prejudice upon final approval of the Settlement and the Settlement Class Members will thereby release all claims that have been or could have been asserted against the Released Parties by any member of the Settlement Class in this Action, as set forth in the Settlement Agreement.

2. <u>Notice</u>

As set forth in paragraph 53 of the Settlement Agreement, notice to Settlement Class Members shall be made by (1) sending the Fax Notice and Claim Form by facsimile transmission to the facsimile numbers included in the Class List; (2) attempting two times to re-send the Fax Notice and Claim Form to any facsimile numbers to which the Fax Notice is initially unsuccessfully sent; and (3) determining, through reasonable efforts, the mail addresses associated with facsimile numbers on the Class List to which the Fax Notice is not successfully sent

after three attempts, and sending the Long-Form Notice and Claim Form to those addresses.

The Notice includes the following information:  (i) a description of the Action and the material terms of the Settlement; (ii) a description of the Settlement Class Members' right to "opt out" or exclude themselves from the Settlement and the Opt-Out Deadline; (iii) a description of the Settlement Class Members' right to object to the Settlement and the Objection Deadline; (iv) the date upon which the Final Approval Hearing is scheduled to occur; (v) a description of the Claims process; (vi) the address of the Settlement Website at which Settlement Class Members may access this Agreement and other related documents and information, and (vii) the contact information of the Settlement Administrator and Class Counsel for Settlement-related inquiries.

3.   Class Counsel's Application for (i) Attorneys' Fees and Costs, and (ii) a Service Award

The Settlement Agreement provides that Class Counsel will file a motion with the Court requesting an award of attorneys' fees not to exceed 25% of the Settlement Fund,[2] or $2,250,000, to compensate them for all of the work already performed in this case, all of the work remaining to be performed in connection

---

[2] The Eleventh Circuit has set 20-30% of the fund as a "benchmark range" under the percentage-of-fund method. *In re Home Depot Inc.*, 931 F.3d 1065, 1076 (11th Cir. 2019).

with this Settlement, and the risks undertaken in prosecuting this case. Class Counsel will also seek reimbursement of out-of-pocket litigation costs.

The Settlement further provides that Class Counsel will ask the Court to approve a service award of $5,000.00 for Plaintiff ("Service Award"), which is to be paid by Defendants as a separate payment, in addition to and apart from the Settlement Fund established for the benefit of the Settlement Class.[3]

## II.   PROPOSED SCHEDULE OF EVENTS

Consistent with the provisions of the Settlement Agreement, Plaintiff respectfully proposes the following schedule for the various Settlement events:

- Within ten (10) days of the filing of the Motion for Preliminary Approval, Defendants shall serve or cause to be served notice of the proposed Settlement, in conformance with CAFA (*see* Settlement Agreement ¶ 47);

---

[3] In light of the Eleventh Circuit's recent decision in *Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244 (11th Cir. 2020), some district courts have determined that requests for service awards in Rule 23 class actions must be denied. *See, e.g.*, *Jairam v. Colourpop Cosmetics, LLC*, No. 19-cv-62438, 2020 WL 5848620 (S.D. Fla. Oct. 1, 2020); *Metzler v. Medical Management Int'l, Inc.*, No. 8:19-cv-2289, 2020 WL 5994537 (M.D. Fla. Oct. 9, 2020). The separate agreement for a separate award here is appropriate in the 11th Circuit after *Johnson*, as the payment does not come from funds made available from the common fund established for the Settlement Class, but instead is to be paid separately. As a result, the prohibition on service awards in *Johnson* is distinguishable from this case and the Service Award should ultimately be approved. However, in the event this Court feels bound by *Johnson* to deny the Service Award, Plaintiff will request that the Court direct Defendants to deposit $5,000 in the registry of the Court, to be held pending the Eleventh Circuit's issuance of a mandate in *Johnson*. *See Harvey v. Hammel & Kaplan Co., LLC*, No. 3:19-cv-640, 2020 WL 7138568, at *3 (M.D. Fla. Dec. 7, 2020). In the alternative, Plaintiff asks that the Court retain jurisdiction for the limited purpose of revisiting the denial of the Service Award if the Eleventh Circuit holds a rehearing *en banc* and reverses its decision. *See Metzler*, 2020 WL 5994537, at *3.

- Within ten (10) calendar days of entry of the Preliminary Approval order, Defendants will provide to the Settlement Administrator the Class List (*see* Settlement Agreement ¶ 51);

- Within twenty (20) calendar days of entry of the Preliminary Approval order (the "Notice Deadline"), the Settlement Administrator (1) shall send the Fax Notice and Claim Form by facsimile transmission to the facsimile numbers included in the Class List; (2) attempt two times to re-send the Fax Notice and Claim Form to any facsimile numbers to which the Fax Notice is initially unsuccessfully sent; and (3) determine, through reasonable efforts, the mail addresses associated with facsimile numbers on the Class List to which the Fax Notice is not successfully sent after three attempts, and send the Long-Form Notice and Claim Form to those addresses (*see* Settlement Agreement ¶ 53);

- Within twenty (20) calendar days of entry of the Preliminary Approval order, the Settlement Website must be created (*see* Settlement Agreement ¶ 54);

- Deadline for Claim Forms, requests for exclusion from the Settlement Class, and objections to the Settlement:  sixty (60) days following the Notice Deadline (*see* Settlement Agreement ¶¶ 5, 19, 20);

9

- Deadline for filing motions in support of the Settlement and Class Counsel's application for award of attorneys' fees and expenses: no later than 14 days prior to the Final Approval Hearing (*see* Settlement Agreement ¶ 59);

- Final Approval Hearing:  at the Court's convenience, but no earlier than 90 days after the CAFA notices are served (*see* Settlement Agreement ¶ 46).

## III.   THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

Rule 23(e) of the Federal Rules of Civil Procedure requires judicial approval of the compromise of claims brought on a class basis. In determining whether to approve the Settlement, the Court should be guided by the "strong judicial policy favoring settlement as well as by the realization that compromise is the essence of settlement." *In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 312 (N.D. Ga. 1993). Furthermore, settlements of class actions are "highly favored in the law and will be upheld whenever possible because they are a means of amicably resolving doubts and preventing lawsuits." *Id*. Under Rule 23(e), "the Court will approve a class action settlement if it is 'fair, reasonable, and adequate.'" *Burrows v. Purchasing Power, LLC*, No. 1:12-cv-22800, 2013 WL 10167232, at *5 (S.D. Fla. Oct. 7, 2013) (quoting Fed. R. Civ. P. 23(e)(2)).

Judicial review of a proposed class action settlement "is a two-step process that includes (1) preliminary approval and (2) a subsequent fairness hearing." *O'Connor v. Worthington PJ, Inc.*, No. 2:16-cv-608, 2017 WL 6762436, at *3 (M.D. Fla. Dec. 13, 2017). In the first step, the Court must determine whether the proposed settlement should be preliminarily approved. *Pierre-Val v. Buccaneers Ltd. Partnership*, No. 8:14-cv-01182, 2015 WL 3776918, at *1 (M.D. Fla. June 17, 2015). "Preliminary approval of a settlement agreement requires only an 'initial evaluation' of the fairness of the proposed settlement on the basis of the written submissions." *Id*. The standard for granting preliminary approval is low: "A proposed settlement should be preliminarily approved if it is within the range of possible approval or, in other words, if there is probable cause to notify the class of the proposed settlement." *Id*. (citations, quotation marks and alterations omitted) (quoting *Fresco v. Auto Data Direct, Inc.*, No. 03-61063-civ, 2007 WL 2330895, at *7 (S.D. Fla. May 14, 2007)). Thus, "[p]reliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *In re Checking Account Overdraft Litig.*, 275 F.R.D. 654, 661-62 (S.D. Fla. 2011) (quotation omitted).

At this juncture, Plaintiff requests only that the Court grant preliminary approval of the proposed Settlement and provide for notice to the Settlement

Class. Applying the standards above, preliminary approval should be granted because the proposed Settlement and the proposed form and program of providing notice satisfy the requirements for preliminary approval in all respects. The Settlement is within the range of possible approval and there is no reason to doubt its fairness. For the reasons set forth in this memorandum, Plaintiff believes that the Settlement is in the best interest of the Class.

## A. The Settlement Falls Within the Range of Possible Approval

The value of the proposed Settlement falls well within the range of a reasonable settlement. "In evaluating whether a settlement is fair, reasonable, and adequate, a court considers: '(1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate, and reasonable; (4) the complexity, expense, and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.'" *Dukes v. Air Canada*, No. 8:18-cv-2176, 2019 WL 8358700, at *2 (M.D. Fla. Sept. 16, 2019) (quoting *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984)).

Here, the proposed Settlement provides eligible Settlement Class Members[4] with a *pro rata* distribution, estimated to yield individual payments of approximately \$250.00, a payment equivalent to 50% of the \$500.00 statutory

---

[4] To be eligible, a Settlement Class Member must timely submit a completed Claim Form.

damages amount provided for under the TCPA. Plaintiff's counsel believes this Settlement provides an *excellent* recovery for the Settlement Class based upon the circumstances and challenges presented by the lawsuit. *See Jairam v. Colourpop Cosmetics, LLC*, No. 19-cv-62438-RAR, 2020 WL 5848620 (S.D. Fla. Oct. 1, 2020) (granting final approval to settlement providing for maximum cash benefit of $2,862,191.25 and $11.25 per claim); *Hanley v. Tampa Bay Sports and Entertainment LLC*, No. 8:19-cv-00550-CEH-CPT, 2020 WL 2517766 (M.D. Fla. April 23, 2020) (granting final approval to settlement providing for maximum cash benefit of $2,250,000 and $45.00 per claim); *De Los Santos v. Millward Brown, Inc.*, No. 9:13-cv-80670-DPG, 2015 WL 11438497 (S.D. Fla. Sept. 11, 2015) (granting final approval to settlement providing for maximum cash benefit of $11,000,000 and $50 per claim); *Ashkenazi v. Bloomingdale's, Inc.*, No. 3:15-CV-2705, ECF No. 55 (D.N.J. Dec. 21, 2018) (approving settlement valued at $1.4 million that provides for $25 cash payments or $50 vouchers per claim); *Family Med. Pharmacy, LLC v. Trxade Grp., Inc.*, No. 15-0590-KD-B, 2017 WL 1042079 (S.D. Ala. Mar. 17, 2017) (approving settlement providing for $200,000 cash plus 5% discount on next purchase with defendant Westminster); *Degnen v. Gerzog*, No. 4:15-CV-1103, ECF No. 47 (E.D. Mo. Apr. 20, 2016) (approving $1.6 million settlement that provides for $100 per claim).

"The determination of a reasonable settlement is not susceptible of a mathematical equation yielding a particularized sum." *Hugo on behalf of BankAtlantic Bancorp, Inc. v. Levan*, No. 06-61018-civ, 2011 WL 13173025, at *8 (S.D. Fla. July 12, 2011) (quotation marks omitted). *See also Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972) ("[I]n any case there is a range of reasonableness with respect to a settlement – a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion[.]"). While Plaintiff has calculated the maximum value of its claims to be a figure larger than the settlement amount, when the maximum value of Plaintiff's and the Class's claims are discounted by the identifiable risks, including Defendants' defenses, experience dictates that the interests of the Class are better served by the proposed Settlement. *See Dukes*, 2019 WL 8358700, at *2 ("[T]he fact that a proposed settlement amounts to only a fraction of the potential recovery does not mean the settlement is unfair or inadequate.") (quoting *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534 (S.D. Fla. 1988) ("A settlement can be satisfying even if it amounts to a hundredth or even a thousandth of a single percent of the potential recovery."), *aff'd*, 899 F.2d 21 (11th Cir. 1990)).

More particularly, the proposed Settlement provides Settlement Class Members immediate benefits without the risks and costs of further litigation. This

strongly weighs in favor of approval. *See Access Now, Inc. v. AMH CGH, Inc.*, No. 98-3004-civ, 2001 WL 1005593, at *4 (S.D. Fla. May 11, 2001) ("By settling their claims, the class will avoid the risk of loss at trial and will receive equitable relief commensurate with that requested in their Complaint, without the expense, delay and uncertainty of further litigation."). "In this respect, it has been held proper to take the bird in the hand instead of a prospective flock in the bush." *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 674 (S.D. Fla. 2006) (quotation marks and alterations omitted). Absent a settlement, the final resolution of this litigation through the trial process could require several years of protracted adversarial litigation, which would delay relief to thousands of Settlement Class Members. Instead, pursuant to the Settlement, Class Members may receive immediate economic relief by submitting a simple Claim Form. It is clearly advantageous that they obtain this significant financial relief without further delay.

### B.  There is No Reason to Doubt the Fairness of the Settlement

This Settlement is not the product of fraud or collusion but is instead the product of arm's-length negotiations by experienced Class Counsel aided by an experienced mediator. Plaintiff obtained sufficient information needed to evaluate the strengths and weaknesses of its claims. Plaintiff's success at trial is not certain, as Defendants have asserted numerous defenses to Plaintiff's claims, including that the Fax at issue was not an advertisement, and they deny liability for

violations of the TCPA. This weighs in favor of accepting the Settlement. *See Burrows*, 2013 WL 10167232, at *6; *In re United States Sugar, Corp. Litig.*, No. 08-80101-civ, 2010 WL 11505541, at *1 (S.D. Fla. Jan. 8, 2010) ("Where a proposed class settlement has been reached after meaningful discovery, after arm's length negotiation, conducted by capable counsel, it is presumptively fair."); 1 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* § 11.41 at 90 (4th ed. 2002).

Here, as detailed above, the Settlement was reached only after extensive factual investigation, motions practice, and mediation before a well-respected mediator. Moreover, as noted above, after the parties' day-long mediation, Plaintiff conducted thorough confirmatory discovery and then spent months negotiating the terms and conditions of the Settlement Agreement. Undoubtedly, Plaintiff's Counsel had a wealth of information at their disposal before entering into the aforementioned settlement negotiations. Consequently, Plaintiff's Counsel were able to adequately assess the strengths and weaknesses of Plaintiff's case and balance the benefits of settlement against the risks of further litigation.

Equally important, counsel for Defendants vigorously defended Defendants' position and demonstrated their commitment to litigate this Action to its conclusion. Hence, the proposed Settlement represents concessions by both parties after hard-fought litigation and negotiations conducted by experienced

counsel on both sides who were thoroughly familiar with the factual and legal issues.

## C. The Proposed Notice is Adequate

The proposed Preliminary Approval Order will require the parties to notify Settlement Class Members of the Settlement by faxing a copy of the Notice (Ex. B to the Settlement Agreement) at the last available facsimile number listed in Defendants' records. The Notice advises Settlement Class Members of the essential terms of the Settlement, the rights of Settlement Class Members to participate in the Settlement, the rights of Settlement Class Members to request exclusion from the Settlement Class or to object to the Settlement, and will provide specifics on the date, time and place of the Final Approval Hearing. Thus, the Notice provides the necessary information for Settlement Class Members to make an informed decision regarding the proposed Settlement. The Notice also contains information regarding counsel's fee application and Plaintiff's request for an incentive award.

Along with the Notice, Settlement Class members will receive a Claim Form on which to provide their information regarding their facsimile number. This document is attached as Exhibit C of the Settlement Agreement. In this regard, upon entry of the Preliminary Approval Order, the Settlement Administrator will transmit the Notice and the Claim Forms to Settlement Class members who can be identified with reasonable effort. A proposed Preliminary Approval Order is

attached to the Settlement Agreement as Exhibit A. A Proposed Final Order is attached to the Settlement Agreement as Exhibit D. In addition, the Settlement Administrator shall create a webpage that will give Settlement Class members access to case-related documents, including the Settlement Agreement, the Notice and the Claim Form. Moreover, the Claim Form is a simple form that is easy to complete without assistance.

Accordingly, the form and manner of notice proposed here fulfills all of the requirements of Rule 23 and due process. This Court should find that the Notice and the procedures for its dissemination are reasonably calculated to provide notice of the Settlement to the Settlement Class, thereby satisfying the requirements of due process. *See In re Winn-Dixie Stores, Inc. ERISA Litig.*, No. 3:04-cv-194, 2008 WL 815724, at *3 (M.D. Fla. March 20, 2008).

### D. Conditional Certification of the Settlement Class is Appropriate

For settlement purposes, Plaintiff and Class Counsel respectfully request that the Court certify the Settlement Class defined in the Settlement Agreement. "Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial." *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997). Class certification is proper if the proposed class, proposed class representative, and proposed class counsel satisfy the numerosity,

commonality, typicality, and adequacy of representation requirements of Rule 23(a). Fed. R. Civ. P 23(a)(1)–(4); *see also Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 313 (S.D. Fla. 2001). Additionally, where (as in this case) certification is sought under Rule 23(b)(3), the plaintiff must demonstrate that common questions of law or fact predominate over individual issues and that a class action is superior to other methods of adjudicating the claims. Fed. R. Civ. P. 23(b)(3); *Amchem*, 521 U.S. at 615–16.

Against this backdrop, the proposed Settlement Class should be conditionally certified for settlement purposes only. Indeed, the Settlement Class is sufficiently numerous to make joinder impracticable, there are questions of law and fact common to the Settlement Class, the Plaintiff's claims are typical of the Class, and Plaintiff will fairly and adequately protect the interests of the Class. In addition, the questions of law and fact common to the Settlement Class predominate over any issues affecting individual members of the Settlement Class and the class action procedure is the superior method of resolving the claims and defenses in this action. *See* Fed. R. Civ. P. 23. Accordingly, conditional certification of the Settlement Class in the instant litigation is appropriate.

More specifically, to warrant class certification, Plaintiff is required to satisfy the four elements of Rule 23(a) and at least one element of Rule 23(b) of the Federal Rules of Civil Procedure. Class certification is committed to the sound discretion

of the trial court. *See Hines v. Widnall*, 334 F.3d 1253, 1255 (11th Cir. 2003). Moreover, "in a doubtful case . . . any error, if there is to be one, should be committed in favor of allowing a class action." *CV Reit, Inc. v. Levy*, 144 F.R.D. 690, 695 (S.D. Fla. 1992) (quotation omitted).

### 1.   The Proposed Settlement Class is Sufficiently Numerous

The numerosity requirement of Rule 23(a) is plainly satisfied because the Settlement Class consists of approximately 36,416 individuals, and joinder of all such persons is impracticable. *See* Fed. R. Civ. P. 23(a)(1); *Kilgo v. Bowman Trans.*, 789 F.2d 859, 878 (11th Cir. 1986) (numerosity satisfied where plaintiffs identified at least 31 class members "from a wide geographical area").

### 2.   There are Common Issues of Law or Fact Common to the Settlement Class

To certify the Settlement Class there must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality is established where a class-wide proceeding may "generate common answers apt to drive the resolution of the litigation." *Wal-mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (citation omitted). The commonality requirement poses "a low hurdle." *In re Sumitomo Copper Litig.*, 194 F.R.D. 480, 482 (S.D.N.Y. 2000) (citation omitted). Indeed, "even a single common question will do." *Dukes*, 131 S. Ct. at 2551 (citation

omitted); *see also In re IndyMac Mortgage-Backed Sec. Litig.*, 286 F.R.D. 226, 233 n.50 (S.D.N.Y. 2012) (same).

In this case, questions of law or fact common to the Class include inter alia, the following: (1) Whether Defendants transmitted faxes advertising the commercial availability of property, goods, or services; (2) Whether Defendants transmitted facsimile advertisements without first obtaining the recipient's prior express invitation or permission; and (3) Whether Defendants' facsimile advertisements contained the opt-out notice required by the TCPA. Consequently, there are fundamental, common issues of law and fact. *See Palm Beach Golf Center-Boca, Inc. v. Sarris*, 311 F.R.D. 688, 695 (S.D. Fla. 2015).

3. The Claims of Plaintiff are Typical of the Claims of the Settlement Class

For similar reasons, Plaintiff's claims are reasonably coextensive with those of the absent class members, such that the Rule 23(a)(3) typicality requirement is satisfied. *See Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (typicality satisfied where claims "arise from the same event or pattern or practice and are based on the same legal theory"); *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001) (named plaintiffs are typical of the class where they "possess the same interest and suffer the same injury as the class members"). Plaintiff is typical of absent Settlement Class members because it received the

subject facsimile and claims to have suffered the same injuries as Class Members. Plaintiff and Class Members will all benefit from the relief provided by the Settlement. Thus, Plaintiff's claims are typical of those of the claims of the Settlement Class and is an appropriate class representative.

4.  <u>Plaintiff and Plaintiff's Counsel Will Fairly and Adequately Represent the Interests of the Settlement Class</u>

The requirement of Rule 23(a)(4) "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem*, 521 U.S. at 594; *Charron v. Wiener*, 731 F.3d 241, 249 (2d Cir. 2013) (stating that Rule 23(a)(4)'s typicality requirement serves to ensure "that the members of the class possess the same interests, and that no fundamental conflicts exist among the members.").

Here, Plaintiff has retained counsel with significant expertise in complex civil litigation.  More specifically, the law firm of Carney Bates & Pulliam, PLLC ("CBP") is a nationally recognized law firm in the field of complex class action litigation, also having experience in the TCPA context and representing its clients on wide-ranging related matters. In addition, CBP is well-capitalized, allowing them to dedicate considerable resources to the fullest extent necessary to achieve the best possible result for class members. Thus, Plaintiff's Counsel is unquestionably qualified to undertake this litigation.

Moreover, Plaintiff and the Settlement Class desire the same outcome of this litigation, namely to cease certain alleged faxing practices of Defendants that Plaintiff asserts are unlawful, and to retrieve the largest possible monetary recovery from the Defendants. Thus, Plaintiff believes its claims coincide identically with the claims of the Settlement Class. Additionally, because of this, Plaintiff has vigorously prosecuted this case for the benefit of all members of the Settlement Class. Further, there is no conflict or any antagonism between Plaintiff and the Settlement Class. Consequently, Plaintiff has satisfied the adequacy requirement.

5. <u>The Questions of Law and Fact in this Action Predominate Over Any Individual Issues and a Class Action is the Superior and Most Efficient Means to Adjudicate the Claims</u>

Certification is appropriate under Rule 23(b)(3) when common questions of law or fact predominate over any individual questions and a class action is superior to other available means of adjudication. *Amchem*, 521 U.S. at 591-94. These requirements are satisfied in this case.

a. *Common Questions of Law and Fact Predominate*

In analyzing the predominance factor, the United States Supreme Court has defined this inquiry as establishing "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 622. This is satisfied where the questions that are capable of proof by generalized evidence

"are more substantial than the issues subject only to individual proof." *Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 405 (2d Cir. 2015). In the settlement context, "the predominance inquiry will sometimes be easier to satisfy" because settlement eliminates manageability problems related to trial. *In re Am. Int'l Grp., Inc. Sec. Litig.*, 689 F.3d 229, 240 (2d Cir. 2012). As further discussed by the court in *In re Am. Int'l Grp., Inc. Sec. Litig.*:

> '[S]ome inquiries essential to litigation class certification are no longer problematic in the settlement context. A key question in a litigation class action is manageability – how the case will or can be tried, and whether there are questions of fact or law that are capable of common proof. But the settlement class presents no management problems because the case will not be tried. Conversely, other inquiries assume heightened importance and heightened scrutiny because of the danger of conflicts of interest, collusion, and unfair allocation.'

*Id.* at 239 (quoting *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 335 (3d Cir. 2011)). Because the parties are settling, whether individual issues predominate does not pose an issue to certifying a settlement class, and there are no manageability issues.

### b.  A Class Action is the Superior Method of Adjudicating this Case

The second prong of Rule 23(b) is satisfied by the proposed Settlement. As explained in *Amchem* and *In re Am. Int'l Grp., Inc. Sec. Litig*, "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, *see*

Fed. Rule Civ. Pro. 23(b)(3)(D), for the proposal is that there be no trial." *Amchem*, 521 U.S. at 620; *In re Am. Int'l Grp., Inc. Sec. Litig*, 689 F.3d at 239.   Thus, any manageability problems that may have existed in this case are eliminated by the proposed Settlement. Because Rule 23(a) and 23(b)(3) are satisfied, the Court should provisionally certify the proposed Settlement Class for purposes of settlement and the issuance of Notice.

## IV.   <u>CONCLUSION</u>

For all the foregoing reasons, Plaintiff respectfully requests that the Court enter an order, substantially in the form of the proposed Preliminary Approval Order: (i) granting preliminary approval of the proposed Settlement, (ii) preliminarily certifying the Settlement Class for settlement purposes, (iii) directing that notice of the proposed Settlement be given to members of the Settlement Class in the proposed form and manner, (iv) appointing KCC as Settlement Administrator, and (v) scheduling a hearing before the Court to determine whether the proposed Settlement should be finally approved. A proposed Preliminary Approval Order is submitted herewith as Exhibit A.

## <u>Local Rule 3.01(g) Certificate of Counsel</u>

Undersigned counsel certifies that they conferred with Defendants' counsel in a good faith effort to reach agreement on the relief requested herein, and Defendants do not oppose the requested relief.

Dated: March 1, 2021                    Respectfully submitted,

                                        By:    /s/ Nicole Ballante

                                        Nicole Ballante (Fla. Bar No. 125356)
                                        nballante@baileyglasser.com
                                        BAILEY & GLASSER, LLP
                                        360 Central Avenue, Suite 1500
                                        St. Petersburg, Florida 33701
                                        Telephone: 727.894.6745
                                        Facsimile: 727.894.2649

                                        Randall K. Pulliam (*Admitted Pro Hac Vice*)
                                        rpulliam@cbplaw.com
                                        CARNEY BATES & PULLIAM, PLLC
                                        519 West 7th St.
                                        Little Rock, AR 72201
                                        Telephone:  501.312.8500
                                        Facsimile:  501.312.8505

                                        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed via CM/ECF on March 1, 2021 and sent to all counsel of record.

                                                /s/ Nicole Ballante

26