# EXHIBIT 1

DocuSign Envelope ID: 8E951E28-3FC1-4824-BBF3-A9DFFE797B4D

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into this 23 day of February 2021, by and among (1) Plaintiff Advanced Interventional Pain & Diagnostics of Western Arkansas, LLC ("AIPD" or "Plaintiff" or "Settlement Class Representative"), for itself and on behalf of the Settlement Class (as defined below), and (2) Defendants Adva Holdings, LLC ("Adva") and Encompass Specialty Network, LLC ("Encompass") (collectively "Defendants"), subject to preliminary and final Court approval as required by Rule 23 of the Federal Rules of Civil Procedure. As provided herein, Plaintiff and Defendants hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon entry by the Court of a Final Approval Order and Judgment, all claims of the Settlement Class against Defendants in the action titled *Advanced Interventional Pain & Diagnostics of Western Arkansas, LLC v. Adva Holdings, LLC, et al.*, Case No. 8:20-cv-02704-WFJ-CPT (M.D. Fla.) (the "Action"), shall be settled and compromised upon the terms and conditions contained herein.

## <u>RECITALS</u>

A.   WHEREAS, on December 20, 2019, Plaintiff Advanced Interventional Pain & Diagnostics of Western Arkansas, LLC filed a class action complaint in the United States District Court for the Northern District of California against Paradigm Management Services, LLC ("PMS"), under the caption *Advanced Interventional Pain & Diagnostics of Western Arkansas, LLC v. Paradigm Management Services, LLC,* Case No. 3:19-08337-VC (N.D. Cal.).

B.   WHEREAS, on August 8, 2020, Plaintiff filed an Amended Class Action Complaint (the "Amended Complaint"), adding Defendants Adva and Encompass. The Amended Complaint alleges that Defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and regulations promulgated thereunder by the Federal Communications Commission ("FCC"), by sending facsimile advertisements without the prior express invitation or permission of Plaintiff or putative class members or without an opt-out notice containing the elements prescribed by the TCPA and FCC regulations.

C.   WHEREAS, on August 29, 2020, Defendants Adva and Encompass filed a Motion to Dismiss arguing the Northern District of California lacked personal jurisdiction over each of them as they were each headquartered in the State of Florida.

D.   WHEREAS, on November 9, 2020, Plaintiff and Defendants (collectively, the "Parties") and their respective counsel participated in a full-day mediation. As a result, the Parties were able to reach an agreement in principle to settle on the terms and conditions embodied in this Settlement Agreement.

E.   WHEREAS, on November 13, 2020, the Parties, pursuant to 28 U.S.C. § 1404(a) and for the convenience of the Parties, filed a Stipulation to Transfer the lawsuit from the Northern District of California to the Middle District of Florida, where it was assigned Case Number 8:20-cv-02704-WFJ-CPT (M.D. Fla.).

DocuSign Envelope ID: 8E951E28-3FC1-4824-BBF3-A9DFFE797B4D

F.      WHEREAS, on January 18, 2021, Plaintiff filed a Second Amended Complaint naming Adva and Encompass as Defendants and dismissing Defendant PMS without prejudice.

G.      WHEREAS, Class Counsel (defined below) have conducted investigation and confirmatory discovery relating to the Action, have analyzed the legal issues in the case, and have engaged in motion practice in connection with the Action. Class Counsel believe that the proposed Settlement (defined below) of the Action, as set forth herein, is fair, reasonable, and adequate, and in the best interests of the Settlement Class and that this Agreement should be approved by the Court under Federal Rule of Civil Procedure 23(e).

H.      WHEREAS, Defendants are entering into this Agreement solely to avoid the costs and uncertainties of continued litigation of the Action and expressly deny any and all liability stemming from the Action. Defendants also believe that the Settlement is fair, reasonable, and adequate, and, as such, it should be approved by the Court under Federal Rule of Civil Procedure 23(e).

I.      WHEREAS, the Settlement resolves the Action in its entirety, without any admission of liability. The Parties intend this Agreement to bind the Parties and all Settlement Class Members that have not timely and validly excluded themselves, as provided herein, from the Settlement Class.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the Parties and their respective counsel that subject to final approval of the Court and in consideration of the benefits as set forth herein, the Action shall be dismissed with prejudice upon and subject to the terms and conditions set forth in this Agreement.

## DEFINITIONS

In addition to the terms defined at various points within this Agreement, the following defined terms shall have the meanings specified below throughout this Agreement:

1.      "Approved Claims" means claims that meet the requirements of Paragraphs 60-65 hereof and are subsequently approved by the Settlement Administrator.

2.      "CAFA" means the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005), effective February 18, 2005.

3.      "Claim" means a written request submitted by a Settlement Class Member to the Settlement Administrator seeking a distribution from the Settlement Fund.

4.      "Claimant" means a Settlement Class Member who submits a Claim.

5.      "Claim Deadline" means 60 days after the Notice Deadline.

6.      "Claim Form" means a form provided by the Settlement Administrator for the purpose of making a Claim, substantially in the form attached hereto as Exhibit C.

DocuSign Envelope ID: 8E951E28-3FC1-4824-BBF3-A9DFFE797B4D

7.  "Class Counsel" means:

> Randall K. Pulliam
> CARNEY BATES & PULLIAM, PLLC
> 519 West 7th Street
> Little Rock, AR 72201

8.  "Class List" means the list of 36,416 unique, properly formatted numbers that received a facsimile, in a form the same or similar to Exhibit A to the Second Amended Complaint, allegedly advertising the availability or quality of property, goods or services of Defendants during the Class Period.

9.  "Class Period" means the period from December 20, 2015 to the date of the Preliminary Approval Order.

10. "Court" means the United States District Court for the Middle District of Florida.

11. "Defendants" means Adva Holdings, LLC and Encompass Specialty Network, LLC.

12. "Effective Date" means the first business day after which all of the following events have occurred:

>  a.  All Parties, and their respective counsel have executed this Agreement;
>
>  b.  The Court has entered without material change the Final Approval Order and Judgment; and
>
>  c.  The time for seeking rehearing or appellate or other review has expired, and no appeal or petition for rehearing or review has been timely filed; or the Settlement is affirmed on appeal or review without material change, no other appeal or petition for rehearing or review is pending, and the time period during which further petition for hearing, review, appeal, or certiorari could be taken has finally expired and relief from a failure to file same is not available.

13. "Faxes" means the facsimile transmissions at issue in this Action, which are in a form the same or similar to Exhibit A to the Second Amended Complaint, allegedly advertising the availability or quality of property, goods or services of Defendants during the Class Period.

14. "Final Approval Hearing" means the hearing that the Court will conduct to consider whether to grant final approval to this Agreement. The Final Approval Hearing shall be held at a time, date, and location that will be stated in the Notice and the Preliminary Approval Order.

15. "Final Approval Order and Judgment" means the order and judgment that the Court enters upon Final Approval, substantially in the form of Exhibit D hereto.

DocuSign Envelope ID: 8E951E28-3FC1-4824-BBF3-A9DFFE797B4D

16.  "Notice" means the notices of proposed class action settlement that the Parties will ask the Court to approve in connection with the motion for preliminary approval of the Settlement.

17.  "Notice Deadline" means twenty (20) calendar days after entry of the Preliminary Approval Order.

18.  "Notice Program" means the methods provided for in this Agreement for giving the Notice and consists of (1) a faxed notice to each number included in the Class List ("Fax Notice"); (2) a long-form notice ("Long-Form Notice") mailed to those individuals or businesses associated with facsimile numbers on the Class List to which facsimile notice is unsuccessful after three attempts, to the extent those addresses can be reasonably determined; and (3) Long-Form Notice posted on the Settlement Website. The form of the Fax Notice and Long-Form Notice shall be substantially in the forms of Exhibits B and E hereto.

19.  "Objection Deadline" means 60 days after the Notice Deadline. The Objection Deadline will be specified in the Notice.

20.  "Opt-Out Deadline" means 60 days after the Notice Deadline. The Opt-Out Deadline will be specified in the Notice.

21.  "Parties" means Plaintiff and Defendants.

22.  "Plaintiff" means Advanced Interventional Pain & Diagnostics of Western Arkansas, LLC.

23.  "Preliminary Approval Order" means the order preliminarily approving the Settlement, substantially in the form of Exhibit A hereto.

24.  "Released Claims" means all claims to be released by the Releasing Parties to the Released Parties as set forth in Paragraphs 66-68 of this Agreement.

25.  "Released Parties" means Defendants, Paradigm Management Services, LLC and any other entities that could be deemed to have sent the Faxes to the Settlement Class, and any and all of their present, past, or future, direct or indirect, predecessors, owners, successors, assigns, parents, subsidiaries, divisions and affiliates, and any other related entities, associations, limited liability companies, and partnerships, and any present or former employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, members, investors, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, facsimile broadcasters, successors in interest, and any other persons, firms, trusts, corporations, or any other individuals or entities in which any of the above have a controlling interest, to which any of the above is related, or with which they are affiliated.

26.  "Releasing Parties" means Plaintiff and all Settlement Class Members who do not timely and properly opt out of the Settlement, and each of their respective predecessors,

DocuSign Envelope ID: 8E951E28-3FC1-4824-BBF3-A9DFFE797B4D

successors, assigns, parent corporations, subsidiaries, affiliates, holding companies, divisions, unincorporated business units, joint venturers, partners, insurers, officers, directors, shareholders, managers, employees, agents, servants, representatives, officials, attorneys, associates, trustees, heirs, assigns, and beneficiaries.

27. "Service Award" means the payment that the Court may award to the Settlement Class Representative pursuant to Paragraph 71 of this Agreement. To the extent the Court may grant a Service Award, payment of the Service Award shall be a separate payment made by Defendants in addition to the amounts paid into the Settlement Fund and/or the Base Payment.

28. "Settlement" means the settlement into which the Parties have entered to resolve the Action. The terms of the Settlement are as set forth in this Agreement.

29. "Settlement Administrator" means KCC, which shall perform the services contemplated by this Agreement and such other reasonable services to effectuate this Settlement, as required by law, with the consent of both Class Counsel and Defendants' Counsel, or as approved by the Court.

30. "Settlement Class" means all persons and entities since December 20, 2015 through the date of preliminary approval who held telephone numbers that received one or more telephone facsimile transmissions in a form the same or similar to Exhibit A to the Second Amended Complaint, allegedly advertising the availability or quality of property, goods or services of Defendants, as identified on the Class List of 36,416 facsimile numbers. Excluded from the Settlement Class are all current employees, officers, and directors of any Defendant, and the judge presiding over this Action and his staff.

31. "Settlement Class Member" means any person included in the Settlement Class.

32. "Settlement Fund" means, subject to the terms of this Agreement, the amount that Defendants shall make available for the benefit of the Class as a common fund and which shall cover payment of all Approved Claims, all attorney's fees and expenses, and all Notice and administration costs. The Settlement Fund shall in no event, exceed $9,000,000.

33. "Settlement Website" means the website that the Settlement Administrator will establish as a means for Settlement Class Members to obtain notice of and information about the Settlement.

## CONFIRMATORY DISCOVERY

34. Class Counsel have conducted reasonable confirmatory discovery to verify representations made by Defendants as part of the mediation process. Based upon this discovery and Class Counsel's independent investigation of the relevant facts and applicable law, Class Counsel are able to make a determination that the proposed Settlement is fair, reasonable, and adequate.

## CERTIFICATION OF THE SETTLEMENT CLASS

DocuSign Envelope ID: 8E951E28-3FC1-4824-BBF3-A9DFFE797B4D

35. For settlement purposes only, Plaintiff shall move the Court to provisionally certify the Settlement Class under Rule 23(e) of the Federal Rules of Civil Procedure.

36. For settlement purposes only, Plaintiff shall move the Court for appointment of Plaintiff as the Settlement Class Representative and of Carney Bates & Pulliam, PLLC as Class Counsel.

37. Defendants will not oppose certification of the Settlement Class, or appointments of the Settlement Class Representative and Class Counsel, for purposes of settlement only. If the Effective Date does not occur for any reason, certification of the Settlement Class, and any Class Representative or Class Counsel appointments shall be deemed void and vacated; any preliminary or final order certifying a class for settlement purposes only shall be deemed void and vacated; nothing related to the Settlement Agreement or negotiations thereof shall be admissible in connection with a contested class certification motion, or otherwise; and each Party shall retain all of their respective rights as they existed prior to execution of this Agreement.

## SETTLEMENT CONSIDERATION

38. **The Settlement Fund.** Defendants agree to create a Settlement Fund in the amount necessary to pay Approved Claims, as described in Paragraph 39 and 41 below, attorneys' fees and expenses, and all Notice and administration costs. The maximum amount of the Settlement Fund shall not exceed $9,000,000.00 ("Maximum Payment"). The Settlement Fund shall be the exclusive recovery and relief for the Settlement Class, any attorneys' fees and expenses, and all Notice and administration costs. Any part of the Settlement Fund that is not used to provide relief for the Settlement Class, attorneys' fees and expenses, and any Notice and administration costs shall remain with Defendants, provided that in no event shall Defendants pay less than $2,750,000.00 ("Base Payment"). The ultimate size of the Settlement Fund, and the payout to Settlement Class Members, will depend on the number of Approved Claims and, subject to the limitations set forth herein, shall be calculated in accordance with Paragraph 41, and the calculation of the Approved Claim value in accordance with Paragraph 39.

39. **Payment Amounts to Approved Claims.** The value of each Approved Claim shall depend on the total value of the Settlement Fund (as calculated in accordance with Paragraph 41) and shall be calculated as follows:

    a. If the total amount of Approved Claims, Attorneys' Fees and Costs and Notice and administration costs is greater than the Base Payment but less than the Maximum Payment, then each Approved Claim will receive $250.00;

    b. If the total amount of Approved Claims, Attorneys' Fees and Costs and Notice and administration costs is greater than the Maximum Payment, then the Settlement Fund's value shall be limited to the Maximum Payment and each Approved Claim will be reduced on a pro rata basis so that each Approved Claim is paid in the same amount. In no event shall Defendant be responsible for paying an amount greater than the Maximum Payment; and

DocuSign Envelope ID: 8E951E28-3FC1-4824-BBF3-A9DFFE797B4D

    c.   If the total amount of Approved Claims, Attorneys' Fees and Costs and Notice and administration costs is less than the Base Payment, then the the value of the Settlement Fund shall be the Base Payment and each Approved Claim shall be increased on a pro rata basis so that each Approved Claim is paid in the same amount.

40.    **Payment of Notice and Administration Costs.** Defendants shall pay the reasonable costs of Notice and administration within fourteen (14) days of receipt of an invoice from the Settlement Administrator. The amounts paid to the Settlement Administrator for notice and settlement administration shall be deducted from the total payment Defendants are required to pay into the Settlement Fund as provided in Paragraphs 38 and 39 above. Defendants will advance the Settlement Administrator $25,000 with fourteen (14) days of the Preliminary Approval Order, payment of which represents a partial satisfaction of the amounts owed as part of the Settlement Fund.

41.    **Funding the Settlement.** Within a reasonable time after the Claim Deadline such that the Settlement Administrator may determine the total number of Approved Claims, the Settlement Administrator shall calculate the amount of Approved Claims, Attorneys' Fees and Costs and Notice and administration costs by multiplying the total number of Approved Claims by $250, except as otherwise described in Paragraph 39(b) and (c) above. For clarity, the Settlement Fund shall at all times be subject to the Maximum Payment limitation set forth in Paragraph 39 but in no event be less than the Base Payment. The Settlement Administrator shall promptly communicate such amount in writing to Defendants. Defendants are not required to place all or any portion of the Settlement Fund into the Settlement Fund Account (defined below) prior to the Settlement Administrator completing the calculation set forth herein nor shall Defendants be required to relinquish control of any money other than the amounts necessary to fund the Settlement Fund. In exchange for the mutual promises and covenants in this Agreement, including, without limitation, the releases, as set forth in Paragraphs 66-69 below, and the dismissal of the Action upon entry of the Final Approval Order and Judgment, within fourteen (14) calendar days of receipt of the total Settlement Fund value in writing, Defendants shall transfer to the Settlement Administrator the amount of the Settlement Fund, as described herein above, less the amount of Notice and administration costs paid to date by defendants, to be deposited into an interest-bearing account held by an FDIC-insured financial institution (the "Settlement Fund Account").

42.    **The Settlement Fund Account.** The monies in the Settlement Fund Account at all times shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. § 1.468B-l. All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Settlement Fund Account or otherwise, including any taxes or tax detriments that may be imposed upon Class Counsel, Defendants, or Defendants' counsel with respect to income earned by the Settlement Fund Account for any period during which the Settlement Fund Account does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise (collectively "Taxes"), shall be paid out of the Settlement Fund Account.

DocuSign Envelope ID: 8E951E28-3FC1-4824-BBF3-A9DFFE797B4D

Plaintiff and Class Counsel, Defendants, and Defendants' counsel, shall have no liability or responsibility for any of the Taxes. The Settlement Fund Account shall indemnify and hold Plaintiff and Class Counsel, Defendants and Defendants' counsel, harmless for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification).

43.     **Payments Made From the Settlement Fund Account.** Payments will be made by check with an appropriate legend to indicate that it is from the Settlement. Checks will be prepared and mailed by the Settlement Administrator. Checks shall be valid for 120 days after issuance. The Settlement Administrator will make reasonable efforts to locate the proper address for any intended recipient of Settlement Fund Payments whose check is returned by the Postal Service as undeliverable, and will re-mail it once to the updated address.

44.     The Settlement Fund shall be used for the following purposes:

   a.   Payment of Notice and administration costs and fees to the Settlement Administrator;

   b.   Payment of Court-approved attorneys' fees and costs to Class Counsel;

   c.   Payment of any Taxes, including, without limitation, taxes owed as a result of interest earned on the Settlement Fund Account, in a timely manner;

   d.   Distribution of payments to Claimants who submitted Approved Claims; and

   e.   Payment of additional fees, costs, and expenses not specifically enumerated in subparagraphs (a) through (d) of this paragraph, consistent with the purposes of this Agreement, subject to approval of Class Counsel and Defendants' Counsel.

45.     **Non-Monetary Relief.**  Defendants represent that the Action has caused them to review their policies and procedures to confirm TCPA compliance. Neither the fact of or documents in support of compliance with the TCPA shall be used against Defendants as an admission of any kind.

## PRELIMINARY APPROVAL OF THE SETTLEMENT

46.     Within ten (10) business days of the execution of this Agreement by all Parties, Class Counsel shall move the Court for entry of the Preliminary Approval Order. The motion for preliminary approval (the "Motion for Preliminary Approval") shall request that the Court: (1) approve the terms of the Settlement as within the range of a fair, adequate, and reasonable settlement; (2) provisionally certify the Settlement Class pursuant to Federal Rule of Civil Procedure 23(e) for settlement purposes only; (3) designate Plaintiff as the Settlement Class Representative; (4) appoint Class Counsel; (5) approve the Notice Program set forth herein and approve the form and content of the Notice of the Settlement; (6) approve the procedures set forth in Paragraphs 56-58 hereof for Settlement Class Members to exclude themselves from the Settlement Class or to object to the Settlement;

DocuSign Envelope ID: 8E951E28-3FC1-4824-BBF3-A9DFFE797B4D

and (7) schedule a Final Approval Hearing for a time and date mutually convenient for the Court, Class Counsel, and counsel for Defendants, and no earlier than 90 days after the CAFA notices are served.

47.   Within 10 days of the filing of the Motion for Preliminary Approval, Defendants shall serve or cause to be served notice of the proposed Settlement, in conformance with CAFA.

48.   Upon the Court's preliminary approval of this Agreement as provided herein, all proceedings in the Action shall be stayed until further order of the Court; provided, however, that the Parties may conduct such limited proceedings as reasonably necessary to effectuate the terms of this Agreement.

## SETTLEMENT ADMINISTRATOR

49.   The Settlement Administrator shall administer various aspects of the Settlement as described in Paragraph 50 below and perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to, providing Notice to Settlement Class Members; establishing and maintaining the Settlement Website; administering the Claims process; and distributing the Settlement Fund as provided herein.

50.   The duties of the Settlement Administrator, in addition to other responsibilities that are described in this Agreement, are as follows:

   a.   Obtain from Defendants the Class List, for the purpose of sending the Fax Notice to Settlement Class Members, and to determine addresses and mail the Long-Form Notice;

   b.   Establish and maintain a Post Office box for (i) the submission of Claims; and (ii) mailed requests for exclusion from Settlement Class Members;

   c.   Establish and maintain the Settlement Website as a means for Settlement Class Members to obtain notice of and information about the Settlement, through and including hyperlinked access to this Agreement, the Long-Form Notice, the Preliminary Approval Order, Class Counsel's application for attorneys' fees and costs, and such other documents as Class Counsel and Defendants' Counsel agree to post or that the Court orders posted on the Settlement Website;

   d.   Establish and maintain an automated toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answer the questions of Settlement Class Members who call with or otherwise communicate such inquiries;

   e.   Establish and maintain a toll-free fax number for Settlement Class Members to submit Claim Forms;

   f.   Respond to any mailed inquiries from Settlement Class Members;

   g.   Process all requests for exclusion from the Settlement Class;

DocuSign Envelope ID: 8E951E28-3FC1-4824-BBF3-A9DFFE797B4D

h.   Provide reports on request, and, no later than five days after the Opt-Out and Objection Deadlines, a final report to Class Counsel and Defendants' Counsel that summarizes the number of requests for exclusion and objections received during that period, the total number of exclusion requests and objections received to date, and other pertinent information;

i.   At Class Counsel's request in advance of the Final Approval Hearing, prepare an affidavit to submit to the Court that identifies each Settlement Class Member who timely and properly requested exclusion from the Settlement Class;

j.   Review, determine the validity of, and respond to all Claims;

k.   Process and transmit distributions to Settlement Class Members from the Settlement Fund;

l.   Provide reports on request and a final report to Class Counsel and Defendants' Counsel that summarizes the number of Claims since the prior reporting period, the total number of Claims received to date, the number of any Claims approved and denied since the prior reporting period, the total number of Claims approved and denied to date, and other pertinent information; and

m.   Perform any settlement administration-related function at the instruction of Class Counsel, including, but not limited to, verifying that Settlement Funds have been distributed.

## <u>NOTICE TO SETTLEMENT CLASS MEMBERS</u>

51.   Within ten (10) calendar days of entry of the Preliminary Approval order, Defendants will provide to the Settlement Administrator the Class List. The Settlement Administrator shall then implement the Notice Program provided herein, using the forms of Notice approved by the Court in the Preliminary Approval Order. The Notice shall include, among other information: (i) a description of the Action and the material terms of the Settlement; (ii) a description of the Settlement Class Members' right to "opt out" or exclude themselves from the Settlement and the Opt-Out Deadline; (iii) a description of the Settlement Class Members' right to object to the Settlement and the Objection Deadline; (iv) the date upon which the Final Approval Hearing is scheduled to occur; (v) a description of the Claims process; (vi) the address of the Settlement Website at which Settlement Class Members may access this Agreement and other related documents and information, and (vii) the contact information of the Settlement Administrator and Class Counsel for Settlement-related inquiries.

52.   Notice shall be provided to Settlement Class Members through the Notice Program provided herein and substantially in the forms as attached Exhibits B and E.

53.   By the Notice Deadline, the Settlement Administrator (1) shall send the Fax Notice and Claim Form by facsimile transmission to the facsimile numbers included in the Class List; (2) attempt two times to re-send the Fax Notice and Claim Form to any facsimile numbers to which the Fax Notice is initially unsuccessfully sent; and (3) determine, through

DocuSign Envelope ID: 8E951E28-3FC1-4824-BBF3-A9DFFE797B4D

reasonable efforts, the mail addresses associated with facsimile numbers on the Class List to which the Fax Notice is not successfully sent after three attempts, and send the Long-Form Notice and Claim Form to those addresses.

54. By the Notice Deadline, the Settlement Administrator shall also create the Settlement Website and post the Long-Form Notice and Claim Form on the Settlement Website.

55. Within the parameters set forth herein, further specific details of the Notice Program shall be subject to the agreement of Class Counsel and Defendants.

**REQUESTS FOR EXCLUSIONS AND OBJECTIONS**

56. **Requests for Exclusion/Opt Outs.** Any Settlement Class Member may exclude himself, herself, or itself from the Settlement, and from its binding effect, by sending to the Settlement Administrator, postmarked by the Opt-Out Deadline, a written request to be excluded from, or to opt out of, the Settlement. The request must include the individual's name, address, and fax number; a clear statement that he, she, or it wants to be excluded from the Settlement in *Advanced Interventional Pain & Diagnostics of Western Arkansas LLC v. Adva Holdings, LLC, et al.*, Case No. 8:20-cv-02704-WFJ-CPT (M.D. Fla.); and the individual's signature. The Settlement Administrator shall provide the Parties with copies of all completed opt-out requests, and Plaintiff shall file a list of all who have effectively opted out of the Settlement, consistent with the terms of this Agreement, with the Court no later than 7 days prior to the Final Approval Hearing. Any Settlement Class Member who does not timely and validly request to opt out shall be bound by the terms of this Agreement.

57. **Objections.** Any Settlement Class Member who does not opt out of the Settlement may object to any aspect of the Settlement. Objections must be electronically filed with the Court, or mailed to the Clerk of the Court, with copy to Class Counsel and Defendants' counsel. For an objection to be considered by the Court, the objection must be electronically filed or mailed first-class postage prepaid and addressed in accordance with the instructions and the postmark date indicated on the envelope must be no later than the Objection Deadline, as specified in the Notice.

58. For an objection to be considered by the Court, the objection must also set forth:

 a. The name of the Action (*Advanced Interventional Pain & Diagnostics of Western Arkansas LLC v. Adva Holdings, LLC, et al.*, Case No. 8:20-cv-02704-WFJ-CPT (M.D. Fla.));

 b. The objector's full name, address, and fax number;

 c. An explanation of the basis upon which the objector claims to be a Settlement Class Member;

 d. All grounds for the objection, accompanied by any legal support for the objection;

DocuSign Envelope ID: 8E951E28-3FC1-4824-BBF3-A9DFFE797B4D

e.  The identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection;

f.  Whether the objector intends to appear at the Final Approval Hearing and, if so, the identity of all counsel representing the objector who will appear at the Final Approval Hearing;

g.  A list of all other class action settlements to which the objector or their counsel has filed an objection;

h.  A list of any persons who will be called to testify at the Final Approval Hearing in support of the objection; and

i.  The objector's signature (an attorney's signature is not sufficient).

## FINAL APPROVAL ORDER AND JUDGMENT

59.  Plaintiff's Motion for Preliminary Approval of the Settlement will include a request to the Court for a scheduled date on which the Final Approval Hearing will occur. Plaintiff shall file its motion for final approval of the Settlement no later than 14 days prior to the Final Approval Hearing. Defendants will not oppose the motion for final approval. Entry by the Court of a final approval order and judgment, substantially in the form of the Final Approval Order and Judgment set forth in Exhibit D is a material term of this Settlement Agreement

## CLAIMS PROCESS

60.  Any Settlement Class Member may submit a Claim to the Settlement Administrator seeking a distribution from the Settlement Fund, except those individuals requesting to be excluded from the Settlement. Each member of the Settlement Class may submit only one Claim per telephone number appearing on the Class List. Each Approved Claim will share in the distribution of the Settlement Fund as provided in Paragraphs 32 and 39 hereof.

61.  A Claim may be submitted by filing a request with the Settlement Administrator using a Claim Form in the form attached hereto as Exhibit C. Claims must be submitted by fax, by mail to the Settlement Administrator, or through the Settlement Website. Claims being submitted by fax or through the Settlement Website must be transmitted by the Claim Deadline, and Claims being submitted by mail must be postmarked by the Claim Deadline.

62.  The Settlement Administrator shall have final authority to determine the adequacy and the legitimacy of any Claim. The Settlement Administrator shall have discretion to require a Claimant to submit additional information and documentation to support a Claim. In exercising its discretion under this Paragraph, the Settlement Administrator shall take into account the burden imposed by requiring additional information and documentation and other appropriate considerations.

DocuSign Envelope ID: 8E951E28-3FC1-4824-BBF3-A9DFFE797B4D

63.    The Settlement Administrator shall not reject any claim until after consultation with Class Counsel and Defendants' Counsel. If, after that consultation, the Settlement Administrator rejects the claim, it shall provide written notice to the Claimant, and an opportunity to remedy curable deficiencies, and/or state any grounds for contesting the proposed decision of the Settlement Administrator, within 30 days of the date the Settlement Administrator sends notice of the rejection by mail (whichever is earlier). A Claimant shall only receive one 30-day period in which to respond to the Settlement Administrator's proposed rejection of a Claim. Untimely submission of a Claim is not a curable deficiency within the meaning of this Paragraph.

64.    A Claim (or remedial submission) shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions.

65.    All Claim Forms shall be subject to such anti-fraud procedures and random and/or selective audits as the Settlement Administrator shall adopt in its discretion. The Settlement Administrator shall be responsible for developing an appropriate plan to audit Claim Forms. Class Counsel and Defendants' Counsel retain the right to independently audit Claim Forms if they choose to do so.

## RELEASES

66.    As of the Effective Date, the Releasing Parties, each on behalf of himself or herself or itself and on behalf of his or her or its respective predecessors, successors, assigns, parent corporations, subsidiaries, affiliates, holding companies, divisions, unincorporated business units, joint venturers, partners, insurers, officers, directors, shareholders, managers, employees, agents, servants, representatives, officials, attorneys, associates, trustees, heirs, assigns, and beneficiaries, shall automatically be deemed to have fully and irrevocably released and forever discharged the Released Parties, of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to the conduct, omissions, duties or matters through Preliminary Approval that were or could have been alleged in the Action, including, without limitation, any claims, actions, causes of action, demands, damages, penalties, losses, or remedies, whether based upon federal or state statutes or federal or state common law, relating to, based upon, resulting from, or arising out of the Faxes during the Class Period.

67.    As of the Effective Date, the Released Parties and the Releasing Parties agree that this Paragraph constitutes a waiver of Section 1542 of the California Civil Code and any similar or comparable provisions, rights, and benefits conferred by the law of any state or territory of the United States or any jurisdiction, and any principle of common law. Section 1542 of the California Civil Code provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS

DocuSign Envelope ID: 8E951E28-3FC1-4824-BBF3-A9DFFE797B4D

OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE,
WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY
AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

68.   The Releasing Parties understand and acknowledge the significance of these waivers of
California Civil Code Section 1542 and/or of any other applicable law relating to
limitations on releases. In connection with such waivers and relinquishment, the Releasing
Parties acknowledge that they are aware that they may hereafter discover facts in addition
to, or different from, those facts which they now know or believe to be true with respect to
the subject matter of the Settlement Agreement, but that they release fully, finally, and
forever all Released Claims, and in furtherance of such intention, the release will remain
in effect notwithstanding the discovery or existence of any such additional or different
facts. The Parties acknowledge (and the Releasing Parties by operation of law shall be
deemed to have acknowledged) that the release of unknown Released Claims as set forth
herein was separately bargained for and was a key element of the Settlement Agreement.

## PAYMENT OF ATTORNEYS' FEES AND COSTS

69.   Class Counsel shall apply to the Court for (1) attorneys' fees up to 25% of the Settlement
Fund, or $2,250,000; and (2) an application for reasonable expenses incurred in the Action.
Any award of attorneys' fees and costs to Class Counsel shall be payable solely out of the
Settlement Fund. Defendants agree not to object to Class Counsel's reasonable fee request.

70.   Within twenty-one (21) days of the Effective Date, the Settlement Administrator shall pay
from the Settlement Fund to Class Counsel all Court-approved attorneys' fees and costs of
Class Counsel. Class Counsel shall timely furnish to the Settlement Administrator any
required tax information or forms before the payment is made.

## PAYMENT OF SERVICE AWARD

71.   Class Counsel will ask the Court to approve a service award of $5,000.00 for Plaintiff
("Service Award"). The Service Award is to be paid by Defendants as a separate payment
in addition to the Settlement Fund. Payment of the Service Award shall be made within
thirty (30) days of the Effective Date. Defendants shall not oppose Class Counsel's request
for payment of the Service Award.

## TERMINATION OF SETTLEMENT

72.   This Settlement may be terminated by either Plaintiff or Defendants by serving on counsel
for the opposing Party and filing with the Court a written notice of termination within five
(5) business days after any of the following occurrences:

    a.   Class Counsel and Defendants' Counsel agree to termination;

    b.   the Court rejects, materially modifies, materially amends or changes, or declines to
preliminarily or finally approve the Settlement;

- 14 -

DocuSign Envelope ID: 8E951E28-3FC1-4824-BBF3-A9DFFE797B4D

    c.   an appellate court reverses the Final Approval Order and Judgment, and the Settlement is not reinstated and finally approved without material change by the Court on remand;

    d.   any court incorporates terms or provisions into, or deletes or strikes terms or provisions from, or modifies, amends, or changes, the Preliminary Approval Order, Final Approval Order and Judgment, or the Settlement in a way that Class Counsel or Defendants' Counsel reasonably considers material;

    e.   the Effective Date does not occur; or

    f.   any other ground for termination provided for elsewhere in this Agreement.

## EFFECT OF A TERMINATION

73.    The grounds upon which this Agreement may be terminated are set forth in Paragraph 72 hereof. In the event of a termination as provided therein, this Agreement shall be considered null and void; all of Defendants' obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the status quo ante in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement claims and defenses will be preserved, including, but not limited to, Plaintiff's right to seek class certification and Defendants' right to oppose class certification.

74.    In the event of a termination as provided in Paragraph 72 hereof, Defendants shall pay any invoices or other fees or expenses mentioned in this Agreement that have been incurred and are due to be paid from the Settlement Fund to the Settlement Administrator. Nothing herein shall prevent Defendant from seeking reimbursement of Notice and administration costs from Plaintiff in the event that Plaintiff is the cause of the termination under Paragraphs 72(d) and (e).

75.    In the event the Settlement is terminated in accordance with the provisions of Paragraph 72 hereof, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose, without prejudice to Plaintiff's right to seek class certification, and Defendants' right to oppose class certification. In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

## NO ADMISSION OF LIABILITY

76.    Defendants dispute the claims alleged in the Action and do not by this Agreement or otherwise admit any liability or wrongdoing of any kind. Defendants have agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could have been asserted in the Action.

DocuSign Envelope ID: 8E951E28-3FC1-4824-BBF3-A9DFFE797B4D

77.    Class Counsel and Plaintiff believe that the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, the likelihood of certification of a class for litigation purposes, and the likelihood of success on the merits of the Action. Class Counsel and Plaintiff have concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class Members.

78.    The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

79.    Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement:  (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by Plaintiff or Settlement Class Members, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency or other tribunal.

80.    In addition to any other defenses Defendants may have at law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding that may be instituted, prosecuted, or attempted in breach of this Agreement or the releases contained herein.

## MISCELLANEOUS PROVISIONS

81.    **Gender and Plurals**. As used in this Agreement, the masculine, feminine, or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

82.    **Binding Effect**. This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

83.    **Cooperation of Parties**. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, defend Court approval, and to do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

84.    **Obligation To Meet And Confer**. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have consulted.

DocuSign Envelope ID: 8E951E28-3FC1-4824-BBF3-A9DFFE797B4D

85.    **Integration**.  This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. No covenants, agreements, representations, or warranties of any kind whatsoever have been made, or relied upon, by any Party hereto, except as provided for herein.

86.    **No Conflict Intended**. Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

87.    **Governing Law**.  The Agreement shall be construed in accordance with, and be governed by, the laws of the State of Florida, without regard to the principles thereof regarding choice of law.

88.    **Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts. Original signatures are not required. Any signature submitted by facsimile or through e-mail of an Adobe PDF shall be deemed an original.

89.    **Jurisdiction**. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator. As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

90.    **Notices**. All notices to Class Counsel provided for herein, shall be sent by e-mail with a hard copy sent by overnight mail to:

Randall K. Pulliam
CARNEY BATES & PULLIAM, PLLC
519 West 7th Street
Little Rock, AR 72201
Tel.: (510) 312-8500
E-mail: rpulliam@cbplaw.com


All notices to Defendants, provided for herein, shall be sent by e-mail with a hard copy sent by overnight mail to:

Molly K. McGinley
K&L Gates LLP
70 West Madison Street
Suite 3100

*Confidential*
*Subject to Fed. R. Evid. 408*

Chicago, Illinois 60602
Tel: (312) 807-4419
E-mail: molly.mcginley@klgates.com

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice Program.

91.   **Modification and Amendment**. This Agreement may be amended or modified only by a written instrument signed by counsel for Defendants and Class Counsel and, if the Settlement has been approved preliminarily by the Court, approved by the Court.

92.   **No Waiver**. The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

93.   **Authority**. Class Counsel, Plaintiff, Defendants' counsel, and Defendants represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation or entity included within the definitions of Plaintiff and Defendants to all terms of this Agreement. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

94.   **Agreement Mutually Prepared**. Neither Defendants nor Plaintiff, nor any of them, shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

Dated: ___2-17-2021___          _____

On behalf of Plaintiff

Dated: _____          _____

On behalf of Defendants

DocuSign Envelope ID: 8E951E28-3FC1-4824-BBF3-A9DFFE797B4D

Chicago, Illinois 60602
Tel: (312) 807-4419
E-mail: molly.mcginley@klgates.com

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice Program.

91.   **Modification and Amendment**.  This Agreement may be amended or modified only by a written instrument signed by counsel for Defendants and Class Counsel and, if the Settlement has been approved preliminarily by the Court, approved by the Court.

92.   **No Waiver**. The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

93.   **Authority**. Class Counsel, Plaintiff, Defendants' counsel, and Defendants represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation or entity included within the definitions of Plaintiff and Defendants to all terms of this Agreement. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

94.   **Agreement Mutually Prepared**. Neither Defendants nor Plaintiff, nor any of them, shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

Dated: _____      _____

On behalf of Plaintiff

Dated: _2/23/2021_____      _Thomas Mastri_____
                                     81A94B53378746D
                                     Thomas Mastri
                                     On behalf of Defendants

- 18 -

DocuSign Envelope ID: 8E951E28-3FC1-4824-BBF3-A9DFFE797B4D

Dated: 2/17/21

Randall K. Pulliam
*Class Counsel*

Dated: 2/23/2021

DocuSigned by:

Molly McGinley

Molly McGinley
D4A62F0A9E4046C...
*Counsel for Defendants*