UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADVANCED INTERVENTIONAL PAIN ) 
& DIAGNOSITCS OF WESTERN ) Case No. 8:20-cv-02704-WFJ-CPT
ARKANSAS, LLC, on behalf of itself and )
All others similarly situated, )
)
          Plaintiff, )
)
v. )
)
ADVA HOLDINGS, LLC and )
ENCOMPASS SPECIALTY NETWORK, )
LLC. )
)
          Defendants. )
)

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, DIRECTING NOTICE, AND SCHEDULING FINAL APPROVAL HEARING**

Plaintiff Advanced Interventional Pain & Diagnostics of Western Arkansas, LLC ("AIPD" or "Plaintiff" or "Settlement Class Representative") and Defendants Adva Holdings, LLC ("Adva") and Encompass Specialty Network, LLC ("Encompass") (collectively "Defendants"), by their respective counsel, have submitted a Settlement Agreement and Release (the "Agreement") and have applied under Rule 23 of the Federal Rules of Civil Procedure for an order: (1) preliminarily approving the terms and conditions of the settlement (the "Settlement") as set forth in the Settlement Agreement; (2) provisionally certifying a Settlement Class and directing notice to be provided to the Settlement Class; (3) approving the form and method of notice to the Settlement Class; and (4) scheduling a hearing to consider final approval of the Settlement. The Court has given due consideration to the Settlement Agreement, including the exhibits to the Settlement Agreement, the submissions in support of preliminary approval of the Settlement, and the record of proceedings, and now finds that the proposed Settlement should be

308564769.2

preliminarily approved pending notice to Settlement Class Members and a final hearing on whether the Settlement is fair, reasonable, and adequate to the Settlement Class.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Agreement between Plaintiff and Defendants.

2. This Court has jurisdiction over the subject matter of this Lawsuit and jurisdiction over the Plaintiff and Defendants (collectively referred to as the "Parties") in the above-captioned case.

3. Subject to paragraphs 4 and 14 of this Order, the Court finds that only for purposes of settlement and notice, the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been met, specifically:

   a. The Settlement Class is so numerous that joinder of all members is impracticable;

   b. There are questions of law or fact common to the Settlement Class based upon the claims raised in the Complaint;

   c. The Plaintiff's claim is typical of the claims of the Settlement Class;

   d. The Plaintiff and Class Counsel will fairly and adequately protect the interests of the Settlement Class; and

   e. Questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating this Lawsuit.

The Court therefore provisionally **CERTIFIES** the following Settlement Class, for settlement purposes only:

        all persons and entities since December 20, 2015 through the date of preliminary approval who held telephone numbers that received one or more telephone facsimile transmissions in a form the same or similar to Exhibit A to the Second Amended Complaint, allegedly advertising the availability or quality of property, goods or services of Defendants, as identified on the Class List of 36,416 facsimile numbers. Excluded from the Settlement Class are all current employees, officers, and directors of any Defendant, and the judge presiding over this Action and his staff.

4.      In the event the Settlement does not become effective pursuant to the terms of the Agreement, such provisional certification shall be void, and Defendants shall have reserved their right to oppose any and all class certification motions.

5.      The Court finds that the terms of the Settlement as set forth in the Agreement are within the range of a fair, reasonable, and adequate settlement between the Settlement Class and Defendants under the circumstances of this case. The Court therefore preliminarily approves the Agreement, which is incorporated by reference into this Order, and directs the Parties to perform and satisfy the terms and conditions of the Agreement that are triggered by such preliminary approval.

6.      The proposed Notice in the form attached to the Settlement Agreement as Exhibits "B" and "E", and the manner of distribution of such Notice by fax mail, direct mail, and settlement website, are hereby approved by this Court as the best notice practicable to the Settlement Class. The form and manner of notice proposed in the Settlement Agreement comply with Rules 23(c) and (e) and the requirements of Due Process.

7.      Pursuant to Rule 23(e), a final fairness hearing (the "Final Approval Hearing") shall be held before the undersigned at **9:30 a.m., on June 22, 2021**, at the Sam M. Gibbons United States Courthouse, Courtroom 15B, 801 North Florida Avenue, Tampa, Florida 33602, for the purpose of: (i) determining whether the Settlement is fair, reasonable, and adequate and should be finally approved; (ii) determining whether a Final Approval Order and Judgment

should be entered; and (iii) considering Class Counsel's application for an award of attorneys' fees, and Plaintiff's application for a service award.

8. In accord with the Settlement Agreement, Class Counsel, through the Settlement Administrator designated in the Settlement Agreement, shall provide Notice, in the forms of Exhibits "B" and "E" to the Settlement Agreement, to members of the Settlement Class no later than twenty (20) days from the date of this Order (the "Notice Date"), to be disseminated as follows:

   a. <u>Fax Notice</u>. For those Settlement Class Members for which a facsimile number is available in the Class List, the Fax Notice shall be disseminated via facsimile, using the facsimile numbers provided in the Class List. In the event the initial facsimile transmission is unsuccessful, two additional attempts to send the Fax Notice via facsimile shall be made.

   b. <u>Mailed Notice</u>. For those Settlement Class Members for which Fax Notice was unsuccessful after three attempts, the Long-Form Notice shall be disseminated via first class mail, postage prepaid, using addresses obtained by the Settlement Administrator via the United States Postal Service's National Change of Address database. If any mailed Long-Form Notice is returned as undeliverable with a forwarding address, then the Long-Form Notice is to be forwarded by mail to the listed forwarding address. If any mailed Long-Form Notice is returned as undeliverable without a forwarding address, then the Settlement Administrator must attempt to locate the correct address through a reasonable search and must forward the Long-Form Notice to the address if one is obtained from the search.

      c. <u>Settlement Website</u>. The Settlement Administrator shall post the Long-Form Notice on the Settlement Website and shall ensure that the Settlement Website contains this Settlement Agreement, the Long-Form Notice, the Court's Orders, and other appropriate information about the Settlement. The Settlement Administrator shall maintain the Settlement Website until the Effective Date.

9. Within 14 days of entry of the Preliminary Approval Order, an advance on Notice and administration costs shall be paid to the Settlement Administrator in an amount of $25,000.00. This advance shall be deducted from the Settlement Fund and returnable to the Defendants, subject to the terms of the Settlement Agreement, if the Settlement is not approved or otherwise fails to become final for any reason.

10. Settlement Class Members shall be afforded an opportunity to request exclusion from the Settlement Class. A Settlement Class Member may exclude himself, herself, or itself from the Settlement Class by mailing to the Settlement Administrator a written request for exclusion that is postmarked no later than sixty days from the Notice Date (the "Opt-Out Deadline"). To be effective, the request for exclusion must include (a) the Settlement Class Member's full name, mailing address, current facsimile number, and any facsimile number used by the Settlement Class Member from December 20, 2015 through the date of preliminary approval; (b) a clear and unequivocal statement that the Settlement Class Member wishes to be excluded from the Settlement Class; (c) the style of the Lawsuit: "*Advanced Interventional Pain & Diagnostics of Western Arkansas, LLC v. Adva Holdings, LLC*, Case No. 8:20-cv-02704-WFJ-CPT (M.D. Fla.)"; and (d) a signature of an individual authorized to act on the Settlement Class Member's behalf. Settlement Class Members who submit a timely and valid request for

exclusion from the Settlement Class shall not participate in and shall not be bound by the Settlement. Settlement Class Members who do not timely and validly opt out of the Settlement Class in accordance with the Settlement Agreement and Notice shall be bound by all determinations and judgments in this action concerning the Settlement.

11. Settlement Class Members who do not request exclusion from the Settlement Class have the right to object to the proposed Settlement only by complying with the objection provisions set forth in this paragraph. Settlement Class Members who object to the proposed Settlement shall remain Settlement Class Members, and shall have voluntarily waived their right to pursue any independent remedy against the Defendants and other Released Parties as to the Released Claims. Any Settlement Class Member who wishes to object to the proposed Settlement must file with the Court, and serve upon Settlement Class Counsel and Defendants' Counsel, a written notice of intent to object that is postmarked no later than sixty days from the Notice Date (the "Objection Deadline"). To be effective, a notice of intent to object to the proposed Settlement must (a) include the style of the Lawsuit: "*Advanced Interventional Pain & Diagnostics of Western Arkansas, LLC v. Adva Holdings, LLC*, Case No. 8:20-cv-02704-WFJ-CPT (M.D. Fla.)"; (b) contain the full name, mailing address, current facsimile number of the Settlement Class Member filing the objection, any facsimile number used by the Settlement Class Member from December 20, 2015 through the date of preliminary approval, and signature of an individual authorized to act on its behalf; (c) indicate the specific reasons for the objection; (d) contain the name, address, bar number and telephone number of counsel for the objecting member of the Settlement Class, if represented by an attorney; and (e) state whether the objecting member of the Settlement Class (the "Objector") intends to appear at the Final Approval Hearing either in person or through counsel. Additionally, a notice of intent to object

must contain the following information, if the Objector or its attorney requests permission to speak at the Final Approval Hearing: (a) a list of any and all witnesses whom the Objector may call at the Final Approval Hearing, with the address of each witness and a summary of any proposed testimony, and (b) a detailed description of any and all evidence the Objector may offer at the Final Approval Hearing, including photocopies of any and all exhibits which the Objector may introduce at the Final Approval Hearing. Any objector must be available for deposition within 40 miles of his, her or its residence, by Class Counsel and/or Defendants' Counsel within 10 business days following the filing of the objection, and the objection must include each date within that period when the objector will be available and present for deposition.

12. Any Settlement Class Member that does not file a timely notice of intent to object in the manner provided in the Settlement Agreement and Notice shall waive the right to objector to be heard at the Final Approval Hearing and shall be forever barred from making any objection to the proposed Settlement. To the extent any Settlement Class Member objects to the proposed Settlement, and such objection is overruled in whole or in part, such member of the Settlement Class will be forever bound by the Final Approval Order and Judgment.

13. Class Counsel shall file any motion(s) for final approval of the Settlement and for an award of attorneys' fees and costs to be paid from the Settlement Fund, along with any supporting materials, no later than 14 days prior to the date of the Final Approval Hearing.

14. If the Settlement does not become final and effective for any reason, the Settlement Agreement shall be null and void *ab initio*, the Settlement and all proceedings had in connection therewith shall be without prejudice, the Parties each shall retain all rights, claims and defenses as existed prior to their execution of the Settlement Agreement and precedent agreement in principle to settle, such that the case shall be returned to the *status quo ante*, prior

to February 22, 2021, including all rights to oppose class certification, and all Orders issued pursuant to the Settlement shall be vacated.

15. This Order shall not be used as evidence for any purpose, other than to enforce its terms, against Defendants. The Order shall not be construed or used as an admission or evidence of the validity of any claim or allegation made against Defendants in this action, or otherwise, or of any wrongdoing by or against Defendants, nor as a waiver by Defendants of any right to present evidence, arguments or defenses, including without limitation to the propriety of class certification, in this or any other litigation.

16. The Court may adjourn the date and/or time of the Final Approval Hearing without further notice to the members of the Settlement Class. The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement and may consider and grant final approval of the Settlement, with or without minor modification and without further notice to the Settlement Class.

17. All discovery and pretrial proceedings in this action are stayed and suspended until further order of this Court.

**SO ORDERED.**

Dated: March 3, 2021

*/s/ William F. Jung*

Hon. William F. Jung
United States District Judge