UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ADVANCED INTERVENTIONAL PAIN & DIAGNOSTICS OF WESTERN ARKANSAS, LLC, on behalf of itself and All others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADVA HOLDINGS, LLC and ENCOMPASS SPECIALTY NETWORK, LLC.<br><br>Defendants. | Case No. 8:20-cv-2704-WFJ-CPT |

**FINAL APPROVAL ORDER AND JUDGMENT**

WHEREAS, Plaintiff Advanced Interventional Pain & Diagnostics of Western Arkansas, LLC ("AIPD" or "Plaintiff" or "Settlement Class Representative") and Defendants Adva Holdings, LLC ("Adva") and Encompass Specialty Network, LLC ("Encompass") (collectively "Defendants") (collectively Plaintiff and Defendants are referred to as the "Parties"), by their respective counsel, entered into a Settlement Agreement and Release (the "Settlement"); and

WHEREAS, Plaintiff applied, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the proposed Settlement and preliminarily approving the form and plan of notice and distribution as set forth in the Settlement;

WHEREAS, this Court provisionally certified the following class (the "Settlement Class"): all persons and entities since December 20, 2015 through the date of preliminary approval who held telephone numbers that received one or more telephone facsimile transmissions in a form the same or similar to Exhibit A to the Second Amended Complaint, allegedly advertising the

availability or quality of property, goods or services of Defendants, as identified on the Class List of 36,416 facsimile numbers. Excluded from the Settlement Class are all current employees, officers, and directors of any Defendant, and the judge presiding over this Action and his staff.

WHEREAS, the Court entered an order preliminarily approving the Settlement (the "Preliminary Approval Order"), approving the forms of notice of the Settlement to Settlement Class Members, directing that notice of the Settlement be given to Settlement Class Members, and scheduling a hearing on final approval;

WHEREAS, in accordance with the Settlement and the Preliminary Approval Order, Class Counsel caused the Notice to be disseminated as directed by the Court, giving the best notice practicable under the circumstances;

WHEREAS, on June 22, 2021, at 9:30 a.m., this Court held a hearing on whether the Settlement is fair, reasonable, adequate and in the best interests of the Class (the "Final Approval Hearing"); and

WHEREAS, based upon the foregoing, having heard the statements of Class Counsel and Defendants' Counsel, and of such persons as chose to appear at the Final Approval Hearing; having considered all of the files, records and proceedings in the above-captioned action (the "Lawsuit"), the benefits to the Settlement Class under the Settlement and the risks, complexity, expense and probable duration of further litigation; and being fully advised in the premises;

**THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1. Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this Lawsuit and jurisdiction over the Parties.

3. The Court hereby adopts and reaffirms the findings and conclusions set forth in the Preliminary Approval Order.

4. The Court finds that Plaintiff and Class Counsel fairly and adequately represent the interests of the Settlement Class in connection with the Settlement.

5. The Court finds that Settlement is the product of good faith, arm's-length negotiations, with the assistance of a respected and experienced mediator, between Plaintiff and Class Counsel, one the one hand, and Defendants and Defendants' counsel, on the other, and the Settlement Class and Defendants were represented by capable and experienced counsel.

6. The Court finds that the form, content, and method of dissemination of the Notice given to Settlement Class Members—as previously approved by the Court in its Preliminary Approval Order—were adequate and reasonable, constituted the best notice practicable under the circumstances, and satisfied the requirements of Rules 23(c) and (e) and Due Process.

7. This Court grants final approval of the settlement and Settlement Agreement, including but not limited to the releases therein, and finds that the settlement and Settlement Agreement are in all respects fair, reasonable, adequate, and in the best interests of the Settlement Class. The Court hereby directs the Parties and their counsel to effectuate the Settlement according to its terms.

8. The Claims Administrator shall, in consultation with Class Counsel and Counsel for Defendants, administer the settlement in good faith and in accordance with the terms of the Settlement Agreement.

9. The Settlement Agreement provides for monetary benefits to Settlement Class Members who file timely and valid Claims. The Court approves those benefits and approves the distribution plan for the Settlement Fund as provided in the Settlement Agreement.

10. The Court finds that no class member has objected to the Settlement.

11. Settlement Class Members, if any, that have timely and validly excluded themselves from the Settlement Class have been identified by the Settlement Administrator and are hereby excluded from the Settlement. Settlement Class Members that have not excluded themselves shall be bound by the terms of the Settlement Agreement and by this Final Judgment and Order.

12. The Releasing Parties, each and every one of them, shall be deemed to have, and by operation of the judgment shall have, fully and irrevocably released and discharged the Released Parties from the Released Claims, all as defined in the Settlement Agreement. The terms of the Settlement Agreement, which are incorporated by reference into this Order, shall have *res judicata* and other preclusive effect as to the Released Claims as against the Released Parties. The Released Parties may file the Settlement Agreement and/or this Order in any other litigation to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any similar defense or counterclaim.

13. The Releasing Parties, each and every one of them, is hereby permanently barred and enjoined from filing, instituting, prosecuting or enforcing the Released Claims, directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement and this Order, and this Court's authority to effectuate the Settlement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. Notwithstanding the foregoing, nothing in this Order and judgment shall preclude an action to enforce the terms of the Settlement Agreement.

14. The above-captioned Lawsuit is hereby dismissed with prejudice. Each side shall bear its own fees and costs, except as provided in the Settlement Agreement.

15. This Order shall not be construed or used as an admission or evidence of the validity of any claim or allegation made in the Lawsuit against any Defendant or any other Released Party in the Lawsuit or of any wrongdoing by or against any Defendant or any other Released Party, nor as a waiver by any Defendant or any other Released Party of any right to present evidence, arguments or defenses, including without limitation to the propriety of class certification, in the Lawsuit or in any other litigation.

16. If the Effective Date does not occur for any reason, the Settlement Agreement shall be rendered null and void *ab initio*, the Settlement and all proceedings had in connection therewith shall be without prejudice, the Parties each shall retain all rights, claims and defenses as existed prior to their execution of the Settlement Agreement and precedent agreement in principle to settle, such that the case shall return to the *status quo ante* in the Lawsuit prior to December 19, 2020, including all rights to oppose certification, and all Orders issued pursuant to the Settlement shall be vacated *nunc pro tunc*.

17. The Parties are hereby authorized, without requiring further approval from the Court, to agree to adopt amendments and modifications to the Settlement Agreement, in writing and signed by or as authorized by the Parties, that are not inconsistent with this Order and that do not limit the rights of Settlement Class Members.

18. The Court shall retain jurisdiction over the Parties for purposes of effectuating the administration and enforcement of the Settlement Agreement.

19. This Order is final and appealable, and shall constitute a final judgment for purposes of the Federal Rules of Civil Procedure.

**THERE BEING NO JUST REASON FOR DELAY, LET JUDGMENT BE ENTERED ACCORDINGLY.**

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Dated: June 22, 2021